# CV-16 3974

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 18 2016 ★

LONG ISLAND OFFICE

FEDERAL DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

ROBERT J. ARCIELLO, FRANCIS J. GOREY, JR., DIANE
MASTROPAOLO, GLEN F. TUIFEL, DANIEL E. SPEICHER,
LAWRENCE J. LOISELLE, JOSEPH T. WHITTAKER, JAMES
SHARKEY, KIRK FOWLKES, JOHN CLOUDMAN, NICHOLAS
PALMESE, JOHN OCHWAT, and all others similarly situated,

                                        Plaintiffs,

        -against-

COUNTY OF NASSAU, EDWARD MANGANO, in his individual
And Official Capacity, and NASSAU COUNTY CIVIL SERVICE
COMMISSION,

                                        Defendants.

--------------------------------------------------------------X

VERIFIED
COMPLAINT

COLLECTIVE/CLASS
ACTION

JURY TRIAL
DEMANDED

Index No.:

SPATT, J.

LOCKE, M.J.

Plaintiffs, ROBERT J. ARCIELLO, FRANCIS J. GOREY, JR., DIANE

MASTROPAOLO, GLEN F. TUIFEL, DANIEL E. SPEICHER, LAWRENCE J. LOISELLE,

JOSEPH T. WHITTAKER, JAMES SHARKEY, KIRK FOWLKES, JOHN CLOUDMAN,

NICHOLAS PALMESE, JOHN OCHWAT ("Plaintiffs"), on behalf of themselves and others

similarly situated, by and through their undersigned attorneys, hereby file this class and

collective action Complaint against Defendants, COUNTY OF NASSAU, EDWARD

MANGANO, in his individual and Official Capacity, and NASSAU COUNTY CIVIL

SERVICE COMMISSION (collectively, the "Defendants"), state and allege as follows:

## NATURE OF ACTION

1.  Plaintiffs allege, pursuant to the Fair Labor Standards Act , as amended, 29 U.S.C. §§201

*et. seq.* ("FLSA"), that they are entitled to recover from Defendants unpaid overtime, liquidated

damages and attorneys' fees and costs for the Defendants' four to eight week delay and failure to promptly pay Plaintiffs and those employees who are similarly situated for their overtime worked.

2.   Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants unpaid overtime, statutory penalties, liquidated damages and attorneys' fees and costs for their failure to promptly pay Plaintiffs and those employees who are similarly situated for their overtime worked.

3.   This is a collective action lawsuit brought by Plaintiffs individually and on behalf of other similarly situated individuals who have, and who currently work for the Defendant, County of Nassau who are classified as non-exempt employees from the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), who are not paid on their Scheduled Payday for work performed in excess of the applicable overtime thresholds in a prompt manner. Failure to pay the full amount of overtime on any regular payment date immediately creates the obligation to pay the difference between the wages paid and the wages due, plus an equal amount as liquidated damages.

4.   Specifically, said employees wait anywhere between four to eight weeks before being compensated for the overtime they worked. Plaintiffs seek damages under the FLSA for themselves and all other FLSA non-exempt employees in the amount of any overtime payments to which they are entitled to receive on their Scheduled Payday which they have not and do not receive in a prompt and timely manner.

5.   The failure to pay employees in a prompt manner for the overtime they worked is a County wide practice.  The County has been noticed of the issue but their failure to pay in a prompt manner is a continuing and ongoing problem.

6.   Plaintiffs bring this action on their own behalves and on behalf of all County employees

who were and continue not to receive payment for the performed overtime on their scheduled payday. The members of this proposed collective action, including the Plaintiffs, are referenced to as "Members."

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 29 U.S.C. § 1367.

8. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391, as the Defendant principal place of business is in the County of Nassau.

## PLAINTIFFS

9. Plaintiff Robert J. Arciello is a resident of Suffolk County, New York and has been employed by Nassau County as a Deputy Sheriff Lieutenant in the Sheriff's Department since September 21, 1990. At all times relevant he has been an employee as defined by the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL").

10. Plaintiff Diane Mastropaolo is a resident of Nassau County and has been employed by Nassau County as a Clerk II in the Sheriff's Department since May 29, 1984. She has been employed with the County since July 28, 1978. At all times relevant he has been an employee as defined by the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL").

11. Plaintiff Francis J. Gorey, Jr. is a resident of Nassau County and has been employed by Nassau County as a Deputy Sheriff in the Sheriff's Department since January 5, 2007. At all times relevant he has been an employee as defined by the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL").

12. Plaintiff Glen F. Tuifel is a resident of Nassau County and has been employed by Nassau

County as a Case Supervisor I in the Department of Social Services since June 9, 1995. At all times relevant he has been an employee as defined by the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL").

13. Plaintiff Daniel E. Speicher is a resident of Nassau County and has been employed by Nassau County as a Case Supervisor III in the Department of Social Services since February 16, 1988. At all times relevant he has been an employee as defined by the Fair Labor Standards Act ("FLSA") and  the New York State Labor Law ("NYLL").

14. Plaintiff Lawrence J. Loiselle is a resident of Nassau County and has been employed by Nassau County as a AMT in the Nassau County Police Department since June 21, 1991. At all times relevant he has been an employee as defined by the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL").

15. Plaintiff Joseph T. Whittaker is a resident of Nassau County and has been employed by Nassau County as a Fire Marshal I in the Fire Marshal's Office since March 19, 1982. At all times relevant he has been an employee as defined by the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL").

16. Plaintiff James Sharkey is a resident of Nassau County and has been employed by Nassau County as a Equipment Operator III in the Department of Recreation and Parks since November 17, 1980. At all times relevant he has been an employee as defined by the Fair Labor Standards Act ("FLSA") and  the New York State Labor Law ("NYLL").

17. Plaintiff Kirk Fowlkes is a resident of Nassau County and has been employed by Nassau County as a Automotive Shop Supervisor I in the Department of Public Works since March 21, 2001. At all times relevant he has been an employee as defined by the Fair Labor Standards Act ("FLSA") and  the New York State Labor Law ("NYLL").

4

18. Plaintiff John Cloudman is a resident of Nassau County and has been employed by Nassau County as a Equipment Operator II in the Department of Public Works since June 25, 1997. At all times relevant he has been an employee as defined by the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL").

19. Plaintiff Nicholas Palmese is a resident of Nassau County and has been employed by Nassau County as a Plant Maintenance Mechanic I in the Department of Public Works since May 17, 1999. At all times relevant he has been an employee as defined by the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL").

20. Plaintiff John Ochwat is a resident of Nassau County and has been employed by Nassau County as a Sanitarian II in the Department of Health since March 29, 1985. At all times relevant he has been an employee as defined by the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL").

**DEFENDANTS**

21. Defendant County of Nassau is a municipal corporation duly incorporated under the laws of the State of New York.

22. Defendant Civil Service Commission is an agency of the County of Nassau and is responsible for the classification of county positions and establishment of compensation for county employees.

23. Defendant Edward Mangano is the Nassau County Executive.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

24. Plaintiffs bring claims for relief as a collective action pursuant to FLSA section 16(b), 29 U.S.C. §216(b), on behalf of all non-exempt person employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective

Plaintiffs").

25. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them in the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek in a prompt manner.

26. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. Specifically, Plaintiffs and the FLSA Collective Plaintiffs claim that Defendants willfully violated Plaintiffs' and FLSA Collective Plaintiffs' rights because of their willful failure and refusal to pay them in the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek in a prompt manner.

27. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ACTION ALLEGATIONS UNDER NEW YORK LABOR LAW

28. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedures ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein as the "Class Period."

29. All said persons, including the named Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are

determinable from the records in Defendants possession. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

30. The proposed Class is numerous that a joined of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

31. Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the class members were subject to the same practices of Defendants, as alleged herein, specifically, the Defendants' willful failure and refusal to pay Class members in the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek in a prompt manner.

32. Defendants policies and practices of delaying payment for overtime worked anywhere between four to eight weeks before compensating employees for the overtime they worked is a widespread practice and policy and affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

33. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no

interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced an competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

34. A class action is superior to other available methods for the fair and efficient adjudication of the controversy-particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to wish they were not parties. The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

35. Defendant violate New York Labor Law §191. The section entitled "Frequency of

Payments" that addresses the time period within which wages must be paid, and is a corollary to the prompt payment requirement of the FLSA. Defendants violated that section when payment for overtime wages earned is not **promptly** made on the payday on which such earnings were earned.

36. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including but not limited to:

 a. Whether Defendants employed Plaintiffs and the Class within the meaning of the New York Law;

 b. What are and were the policies, practices, procedures and protocols of Defendants regarding the payment method utilized to compensate employees for the overtime wages earned;

 c. Whether Defendants improperly and unlawfully delayed payment for the overtime wages earned by the employees in excess of four to eight weeks after the employees worked the overtime?

 d. Whether, even after a grievance was filed and Defendants were placed on notice that their delayed payment practices were illegal, they chose to willfully disregard the obligation to pay overtime wages earned in a timely manner and continue said practice of delaying payments made to the employees ?

## STATEMENT OF FACTS

37. In 2009 Defendant, County of Nassau switched payroll systems to the Intime system. Upon information and belief, each department was slowly integrated into the Intime system.

38. During the transitional periods for each department the system created many errors and problems with respect to the payment of wages of County employees.

39. As the quirks were fixed, their was a continued delay in paying employees the overtime wages earned during the period when such wages were earned.

40. On average, in all departments of the County, their is a minimum of a four week; which equates to a delay of two (2) payroll periods before employees receive payment for the overtime they worked.

41. In some departments, such as DSS, Sheriff's Department and the Department of Public Works (DPW) the delay is an eight week delay before members are paid for overtime they earned at least four (4) previous pay periods.

42. Further, even when the employees would receive overtime wages, it is unclear for which period of time they are being compensated as the pay stub does not specify the day, week, or month the overtime wages are being paid out for.

43. The Civil Service Employees Association ("CSEA"), the Union representing the employees of the County of Nassau filed a grievance with respect to the delayed payment of overtime wages.

44. Since filing the grievance, Defendants continue to willfully delay the payment of overtime wages earned for a period in excess of four to eight weeks before said payments are made.

45. Said practice continues to this day and has not changes, been remedied or modified.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

46. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 45 as though set forth in their entirety above.

47. At all relevant times, Defendants were and continue to be employers within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

48. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

49. At all relevant times, the Defendants had a policy and practice of refusing to promptly pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

50. Defendants knowingly and willfully violated Plaintiffs' and FLSA Collective Plaintiffs' rights by failing to promptly pay them to overtime compensation they earned.

51. Records concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs, the timing of which the compensation was paid and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intent to obtain these records by appropriate discovery proceedings to be taken promptly in this case, and if necessary, will then seek leave of Court to amend this Complaint to set forth the precise delay in paying the overtime wages earned.

52. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to promptly compensate Plaintiffs and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendant knew or should have known such was due upon the pay period the overtime was worked.

53. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

54. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs and FLSA

Collective Plaintiffs suffered and continue to suffer damages in an amount not presently

ascertainable of unpaid overtime wages, that Defendants continue to fail to promptly pay, plus an

equal amount as liquidated damages.

55. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable

attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
### VIOLATION OF THE NEW YORK LABOR LAW

56. Plaintiffs repeat and reallege each and every allegation contained in

paragraphs 1 through 55 as though set forth in their entirety above.

57. At all relevant times, Plaintiffs and Class Members were employed by the

Defendants within the meaning of New York Labor Law §§2 and 651.

58. Defendants willfully violated Plaintiffs' and Class members' rights by failing to

promptly pay them overtime compensation at the rate of not less than one and one-half

times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

59. Defendants actions are a direct and proximate violation of § 191 of the New York

Labor Law for their failure to promptly pay Class members the overtime wages earned in a

prompt manner.

60. Due to the Defendants' New York Labor Law violations,  Plaintiffs and Class

members are entitled to recover from Defendants damages for unreasonably delayed

payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and

disbursements of this action, pursuant to New York Labor Law.


## THIRD CAUSE OF ACTION

### VIOLATION OF §1983 Rights

61. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 60

as though set forth in their entirety above.

62. The acts, practices and policies of defendant Edward Mangano and the other Defendants constitute ongoing intentional discrimination against the individual Plaintiffs, Class members, FLSA Collective Plaintiffs in violation of 42 U.S.C. § 1983.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grants the following relief:

    a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

    b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concern with them as provided by law, from engaging in the unlawful practices, policies and patterns set forth herein;

    c. An order directing the Defendants to pay the Plaintiffs and all those similarly situated their overtime payments in a timely manner; i.e. within the pay period the Overtime wages were earned;

    d. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

    e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime wages in a timely manner pursuant to 29 U.S.C. § 216;

    f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime wages in a prompt manner pursuant to the

New York Labor Law;

g.  An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h.  Designation of this action as a Collective Action;

i.  Designation of the Plaintiffs as representatives of the FLSA Collective Plaintiffs;

j.  Designation of this action as a class action pursuant to F.R.C.P. 23;

k.  Designation of Plaintiffs as Representatives of the Class;

l.  Such other and further relief as this Court deems just and proper.

m.  Award compensative and punitive damages, in an amount to be determined at trial, due to defendants' willful and intentional acts directed at plaintiffs in violation of 42 U.S.C. §1983;

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: Garden City, New York       Respectfully submitted,
       July 12, 2016

LAW OFFICES OF LOUIS D. STOBER, JR., LLC.

_____
Albina Kataeva (AK9513)
*Attorneys for Plaintiffs*
350 Old Country Road
Garden City, New York 11530
(516) 742-6546

14

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NASSAU       )

JOSEPH T. WHITTAKER, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Amended Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
JOSEPH T. WHITTAKER

Sworn to before me this
5th day of July, 2016

_____
Notary Public

Albina Kataeva
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02KA6278648
Qualified in Queens County
Commission Expires March 25, 20__

STATE OF NEW YORK    )
                        : ss.:
COUNTY OF NASSAU    )

      JOHN CLOUDMAN, being duly sworn deposes and says:

      I am the plaintiff in the within action; I have read the annexed Amended Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

 

                                        JOHN CLOUDMAN

Sworn to before me this
5 day of July, 2016

Notary Public

Albina Kataeva
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02KA6278648
Qualified in Queens County
Commission Expires March 25, 20 _12_

STATE OF NEW YORK )
                      : ss.:
COUNTY OF NASSAU )

        NICHOLAS PALMESE, being duly sworn deposes and says:

        I am the plaintiff in the within action; I have read the annexed Amended Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

                                           NICHOLAS PALMESE

Sworn to before me this
_ _ day of June, 2016

Notary Public

MARLA ROWE
Notary Public, State of New York
No. 01RO6199330
Qualified in Nassau County
Commission Expires January 12, 2017

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NASSAU         )

JOHN OCHWAT, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Amended Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
JOHN OCHWAT

Sworn to before me this
29 day of June 2016

_____
Notary Public

DEBRA A. OCONNELL
NOTARY PUBLIC-STATE OF NEW YORK
No. 01OC6205550
Qualified in Nassau County
My Commission Expires May 11, 20_17

STATE OF NEW YORK          )
                          : ss.:
COUNTY OF NASSAU           )

LAWRENCE J. LOISELLE, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Amended Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

LAWRENCE J. LOISELLE

Sworn to before me this
29 day of June, 2016

Debra A. O'Connell
Notary Public

DEBRA A OCONNELL
NOTARY PUBLIC-STATE OF NEW YORK
No. 01OC6205550
Qualified in Nassau County
My Commission Expires May 11, 20_17

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NASSAU       )

DANIEL E. SPEICHER, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Amended Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

DANIEL E. SPEICHER

Sworn to before me this
 day of June, 2016

MARILA ROWE
Notary Public, State of New York
No. 01RO6199330
Qualified in Nassau County
Commission Expires January 12, 20 17

Notary Public

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NASSAU         )

KIRK FOWLKES, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Amended Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

KIRK FOWLKES

Sworn to before me this
30 day of June, 2016

Albina Kataeva
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02KA6278648
Qualified in Queens County
Commission Expires March 28, 20 17

Notary Public

Albina Kataeva
NOTARY PUBLIC, STATE OF NEW YORK
Registration No.
Qualified in Queens County
Commission Expires March 28, 20

FEDERAL DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ROBERT J. ARCIELLO, FRANCIS J. GOREY, JR., DIANE
MASTROPAOLO, GLEN F. TUIFEL, DANIEL E. SPEICHER,
LAWRENCE J. LOISELLE, JOSEPH T. WHITTAKER, JAMES
SHARKEY, KIRK FOWLKES, JOHN CLOUDMAN, NICHOLAS
PALMESE, JOHN OCHWAT, and all others similarly situated,

JURY TRIAL
DEMANDED

DOCKET NO.:

                                        Plaintiffs,

                -against-

COUNTY OF NASSAU, EDWARD MANGANO, in his individual
And Official Capacity, and NASSAU COUNTY CIVIL SERVICE
COMMISSION,

                                        Defendants.
-------------------------------------------------------------------X

## VERIFIED COLLECTIVE/CLASS ACTION COMPLAINT

**LOUIS D. STOBER, JR., LLC**
**350 Old Country Road**
**Suite 205**
**Garden City, NY 11530**
**516-742-6546**
**516-742-8603 (fax)**