UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

ROBERT J. ARCIELLO, FRANCIS J. GOREY, JR.
DIANE MASTROPAOLO, GLEN F. TUIFEL, DANIEL
E. SPEICHER, LAWRENCE J. LOISELLE, JOSEPH T.
WHITTAKER, JAMES SHARKEY, KIRK FOWLKES,
JOHN CLOUDMAN, NICHOLAS PAMESE, JOHN
OCHWAT, and all others similarly situated,

        *Plaintiffs*,

        -*vs.*-

Civil Action No.:
CV-16-3974
(ADS)(SIL)

COUNTY OF NASSAU, EDWARD MANGANO,
in his individual and official capacities, and NASSAU
COUNTY CIVIL SERVICE COMMISSION,

        *Defendants*.
---------------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION UNDER THE FLSA

**BEE READY FISHBEIN HATTER & DONOVAN, LLP**
*Attorneys for Defendants*
170 Old Country Road, Suite 200
Mineola, NY 11501
(516) 746-5599

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ROBERT J. ARCIELLO, FRANCIS J. GOREY, JR.
DIANE MASTROPAOLO, GLEN F. TUIFEL, DANIEL
E. SPEICHER, LAWRENCE J. LOISELLE, JOSEPH T.
WHITTAKER, JAMES SHARKEY, KIRK FOWLKES,
JOHN CLOUDMAN, NICHOLAS PAMESE, JOHN
OCHWAT, and all others similarly situated,

                *Plaintiffs*,

      -vs.-
                                     Civil Action No.:
                                     CV-16-3974
                                     (ADS)(SIL)

COUNTY OF NASSAU, EDWARD MANGANO,
in his individual and official capacities, and NASSAU
COUNTY CIVIL SERVICE COMMISSION,

                *Defendants*.
------------------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION UNDER THE FLSA

Defendants the COUNTY OF NASSAU and EDWARD MANGANO,[1] by and through their undersigned attorneys, Bee Ready Fishbein Hatter & Donovan, LLP, submit the within Memorandum of Law in opposition to Plaintiffs' motion seeking conditional certification of a collective action under the FLSA.

---

[1] Defendant Nassau County Civil Service Commission was dismissed from this action by Decision & Order of the Hon. Arthur D. Spatt dated February 7, 2017.

## ARGUMENT

### I. Plaintiffs Failed To Demonstrate That The Members Of The Proposed Collective Class Are Similarly Situated To The Plaintiff

Section 216(b) of the FLSA permits an employee to maintain an action for and on behalf of himself and "other employees similarly situated." In determining whether certification of a collective action is appropriate under the FLSA, courts engage in a two-step analysis. *See, Castro v. Spice Place, Inc.*, 2009 WL 229952, at *2 (S.D.N.Y. Jan. 30, 2009).

First, the courts look to the pleadings and affidavits to determine whether the plaintiff has satisfied his burden of showing that the similarly situated requirement is met.'" *Id.*; *Ayers v. SGS Control Servs., Inc.*, 2007 WL 646326, at *4 (S.D.N.Y. Feb. 27, 2007) (explaining that "the burden is on the Plaintiff to prove that other employees are similarly situated."). While "[t]he FLSA does not define 'similarly situated,'" in this Circuit, "'courts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *See, Morales v. Plantworks, Inc.*, 2006 WL 278154, at *1-3 (S.D.N.Y. Feb. 2, 2006). "Though the first stage of class certification only requires a 'modest factual showing', it must be sufficient to demonstrate that plaintiffs and potential class members were victims of a common scheme or plan that violated the law. In making this showing, '[c]onclusory allegations are not enough.'" *Id.* "If the Court finds that plaintiffs are indeed similarly situated, it then certifies the collective action, authorizes notice, and discovery proceeds." *Castro v. Spice Place, Inc.*, 2009 WL 229952, at *2.

In the instant action, Plaintiffs seek to include "all non-exempt employees that worked for the Defendants" during a specified time period. Plaintiff's allegations are based upon the fact that in December 2008, the County of Nassau began integrating "INTIME," a computerized

timekeeping mechanism, into the Nassau Unified Human Recourses payroll system." They further allege that "this integration worsened the lag in overtime payment." See the Declarations of Robert J. Arciello, Francis J. Gorey, Jr., Diane Mastropaolo, John Cloudman, Kirk Fowlkes, Nicholas Palmese, Daniel E. Speicher, Glen F. Tufiel, James Sharkey, Joseph T. Whittaker, and John Ochwat, annexed to Plaintiff's moving papers as Exhibits "B" through "J", "L" and "M".

"INTIME" is the interface used by Nassau County which keeps-track and maintains time management for some County employees. However, it must be noted that not all County employees use the INTIME system as an interface for their time management. Specifically: (i) all employees at the Nassau County Corrections Center, including members of the CSEA and of COBA, enter their time manually and do not use INTIME; (ii) all employees at Nassau County Community College also enter their time manually and do not use INTIME; and (iii) employees of the Nassau County Police Department, both sworn members and CSEA members (including AMTs), use a time management interface system known as CHIEFS, and do not use INTIME. See, Decl. of Kerrin J. Huber, sworn April 24, 2017.

This fact is further evidenced by the Declaration of the Plaintiff, Lawrence J. Loiselle, who states that he currently works in the Nassau County Police Department, and does not allege that he uses the INTIME system, as indicated by the other named Plaintiffs. See Exhibit "K" annexed to Plaintiffs' Declaration.

In light of the fact that not all County employees utilize the INTIME system for time management, it is clear that they are not all similarly situated, nor can they possibly be victims of a common policy or plan.

-4-

Because the Plaintiffs failed to establish even the minimally required proof, the Court should deny the Plaintiffs' application for conditional certification of a collective action, at least as to the Plaintiffs who do not utilize the INTIME system.

## II. If the Court Grants Plaintiff's Motion for Conditional Certification, Notice Should Be Limited To Two Years

In the event that this Court grants Plaintiff's motion for conditional certification, notice should be limited to two years. The statute of limitations for bringing claims under the FLSA is two years for non-willful violations and three years for willful violation. 29 U.S.C. §255(a). In the underlying matter, there is no evidence that Defendants willfully violated the FLSA. "Willfulness cannot be found on the basis of mere negligence or 'on a completely good faith but incorrect assumption that a pay plan complied with the FLSA in all respects.'" *Bowrin v. Catholic Guardian Soc.*, 417 F. Supp. 2d 449, 475 (S.D.N.Y. 2006). Under this standard, the Plaintiff has not alleged sufficient facts to demonstrate that Defendants knew of the alleged FLSA violations, or that they acted with reckless disregard of violating the FLSA. Therefore, if this Court decides to conditionally certify a collective action, notice should properly be limited to only two years.

Plaintiff requests that notice be sent to all non-exempt employees, who worked for the Defendants at any time during the time period of July 18, 2010 to July 18, 2016. The "growing trend" in this District, however, is to limit the notice period to the applicable limitations period under the FLSA, which is two years (three, if willful). *McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 396, 400 (E.D.N.Y. 2011).

In light of the foregoing considerations, Defendants respectfully request that, if this Court grants Plaintiff's motion for conditional certification, the Court limit the notice period to the two year statutory limitations period applicable to claims made under the FLSA.

-5-

### III. If the Court Approves a Conditional Collective Action, Plaintiff's Proposed Notice Must Be Modified

If the Court permits notice to be sent to potential members of the collective action, the proposed notice submitted by Plaintiffs must be modified as it is defective in several respects and, therefore, should not be approved.

#### Notice Must Be Consistent with the Court's Ruling on This Motion

Any notice given to potential opt-in plaintiffs must be consistent with the Court's ruling on the instant motion. For example, Plaintiff's proposed notice repeatedly states that it is directed to "All non-exempt employees who worked for the Defendants at any time during the time period of July 18, 2010 to July 18, 2016." However, as explained in substantial detail above, the collective action period should be limited to two years. Thus, Defendants respectfully request that the proposed notice be modified to reflect the Court's ruling on this issue and all other issues decided by the Court in this motion.

#### The Notice Must Fully Inform Potential Opt-Ins With Respect to the Effects of Joining This Case

Defendants also respectfully request that the Notice be amended in order to fully inform potential opt-in plaintiffs of the effects of joining this case. Indeed, any notice to potential opt-in plaintiffs should include a full description of the potential consequences of their participation in the litigation to ensure that any such plaintiff's decision to opt-in to the collective action is based on full and fair informed consent.

Thus, the notice should include a statement that the opt-in plaintiff may be held liable for costs associated with this lawsuit, and for potential counterclaims that could be asserted by the Defendants. *See, Wright v. Lehigh Valley Hosp. & Health Network*, 2011 WL 221770, at *7 (E.D. Pa. Jan. 20, 2011) (explaining that "Courts have awarded costs to prevailing defendants in

FLSA cases and have required named plaintiffs to include information about this possibility in the notice sent to potential opt-in plaintiffs."); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91, 98 (S.D.N.Y. 2003) (approving a notice that included language informing potential opt-in plaintiffs that they "may also be held liable for costs associated with this lawsuit, and for potential counterclaims which could be asserted against you by ... the Defendants."); *Creten-Miller v. Westlake Hardware, Inc.*, 2009 WL 2058734, at *4 (D. Kan. July 15, 2009) (holding that "An award of costs to a prevailing defendant in an FLSA case is clearly possible and is not merely theoretical. The Court therefore agrees with [defendant] that the notice should inform recipients about the possibility that they may be responsible for court costs.").

Consistent therewith, the notice should also inform potential opt-in plaintiffs that this case is a matter of public record and, that, should the individual opt-in to this suit as a member of the collective action, his participation herein will also be a matter of public record.

<u>Consent to Join Forms Should Be Sent to the Court</u>

Plaintiff's proposed notice dictates that all consent to join forms be mailed to Plaintiff's counsel. "Recent cases in this district have suggested that such a procedure implicitly discourages opt-in plaintiffs from selecting other counsel." *Lujan v. Cabana Mgmt., Inc.*, 2011 WL 317984, at *13 (E.D.N.Y. Feb. 1, 2011); *Hernandez v. Immortal Rise, Inc.*, 2012 WL 4369746, at *9 (E.D.N.Y. Sept. 24, 2012). Therefore, Defendants respectfully request that the notice be modified to direct opt-in plaintiffs to file their consent to join forms with the Court. *See*, *Lujan v. Cabana Mgmt., Inc.*, 2011 WL 317984, at *13.

### The Notice Should Clearly Identify Counsel for Defendants

The contact information for Defendants' counsel should be clearly delineated, just as the contact information for Plaintiff's counsel. Additionally, a telephone number should be listed for Defendants' counsel, just as it is listed for Plaintiffs' counsel.

And, under the section entitled "Further Information", it should state that "Further information about this Notice, deadline for filing a 'Consent to Become Party Plaintiff' form, or questions concerning this lawsuit may be obtained by writing or phoning ***counsel for the Plaintiffs or counsel for the Defendants at the telephone numbers and addresses listed above.***" *See*, *Bah v. Shoe Mania, Inc.*, 2009 WL 1357223, at *4 (S.D.N.Y. May 13, 2009) (holding that "[t]he notice must also include the contact information of counsel for Defendant as one source from whom potential plaintiffs could obtain information.").

## IV. The Court Should Direct the Parties to Submit a Jointly-Proposed Notice and Consent to Joinder

Finally, after the inclusion of the previously discussed modifications to the Proposed Notice and Consent to Joinder, the Court should direct the parties to submit a jointly-proposed Notice and Consent to Joinder. *Sexton*, 2009 WL 1706535, at *13 ("[T]he parties shall submit a joint proposed notice to the Court for approval in order to ensure that the drafting and distribution of the notice is timely, accurate and informative" (internal quotation and citation omitted)); *Guan Ming Lin v. Benihana Nat'l Corp.*, No. 10 Civ. 1335, 2011 WL 2162082, at *11 (S.D.N.Y. Jun. 1, 2011) ("the parties should be given an opportunity to confer and submit a joint proposed notice").

### V. Plaintiff's Request to Provide Information About Potential Class Members Should Be Limited to Two Years

Plaintiffs are requesting that Defendants provide them with the names, addresses, and telephone numbers of all potential class members, within the six (6) years prior to the commencement of this action, so that the Notice of Pendency can properly be forwarded to them. As indicated above, the statute of limitations for bringing claims under the FLSA is two years, absent a showing of willfulness in Defendants' conduct. The Plaintiffs in this case have not set forth any evidence of willfulness. Accordingly, Plaintiff's request should be limited to two (2) years prior to the commencement of this action.

### VI. Plaintiff's Request to Post Notice in Publications must be Denied

Plaintiffs propose that the notice be provided to potential class members through two methods, one of which includes posting notice in two publications; Newsday and the Union newsletter, CSEA Express. In that regard, it is Plaintiffs' contention that both Newsday and the CSEA Express are the most narrowly targeted publications to effectuate notice.

According to the Alliance for Audited Media, a non-profit organization that tracks circulation data for newspapers, magazines, and digital media companies, as of March 2013, Newsday ranked 13th among total average circulation for newspapers in the United States, with an average circulation of 377,744. This is a far cry from being the most "narrowly targeted publication." Moreover, it cannot be disputed that the vast majority of readers of Newsday do not fall within the category of potential members to the collective action. Finally, Plaintiffs have not set forth any evidence that the potential members of the collective action are Newsday subscribers or even casual readers of Newsday.

Publication of a notice within Newsday will serve nothing more than to publicize the lawsuit against the Defendants. There are certainly more effective ways to notify potential class members, such as a mailing or posting of a notice at the place of business.

**WHEREFORE**, Defendants respectfully request that the Court enter an Order (1) denying Plaintiff's motion for conditional certification of a collective action; (2) limiting the Notice to two years; (3) modifying the Notice; (4) directing the parties to submit a jointly-proposed Notice; (5) limiting Plaintiffs' request for information about potential class members to two years; (6) denying Plaintiff's request to post notice in publications; and (7) granting such other and further relief as the Court deems just and proper.

Dated: April 24, 2017
      Mineola, New York

                                      Respectfully Submitted,

                                      */s/ Philip Butler*

                                      Philip A. Butler (PB4905)
                                      Angelo M. Bianco (AB2733)
                                      Bee Ready Fishbein Hatter & Donovan, LLP
                                      *Attorneys for Defendants*
                                      170 Old Country Road, Suite 200
                                      Mineola, New York 11501
                                      Tel No.: (516) 746-5599
                                      Fax No.: (516) 746-1045
                                      Email: pbutler@beereadylaw.com

TO:    LAW OFFICES OF
        LOUIS D. STOBER, JR., LLC
        Louis D. Stober, Jr., Esq.
        *Attorney for Plaintiffs*
        98 Front Street
        Mineola, New York 11501
        Tel No.: (516) 742-6546