

# LAW OFFICES OF
# LOUIS D. STOBER, JR., L.L.C.

98 FRONT STREET
MINEOLA, NEW YORK 11501

LOUIS D. STOBER, JR

ALYSSA F. BOMZE†
SHOGIK S. OGANISYAN
ANTHONY P. GIUSTINO‡
MARC J. IALENTI‡

‡ OF COUNSEL
† ADMITTED IN NY & NJ

WEBSITE: WWW.STOBERLAW.COM
TEL: (516) 742-6546
FAX: (516) 742-8603*
* NOT FOR SERVICE OF PROCESS

December 6, 2017

**VIA ECF ONLY**
Honorable Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

**Re:   Arciello et al v. County of Nassau et al, EDNY Docket No.:  16 cv 3974 (ADS)(SIL)**

Dear Judge Locke:

I am responding to Ms. Panico's letter seeking to strike the opt in forms that have been submitted. I believe said letter should be disregarded in every respect as it is just the County's latest attempt to delay payment of monies owed to the collective group. As Ms. Panico states the statute of limitations does not, according to her letter, toll during this period. In other words, every day that goes by, another day drops off the back end of this litigation for the member. As such, the County is doing everything in its power to drop time off the back end. They already convinced this Court to give them until January 31, 2018 to provide us with a list of collective members. By giving the County that extra time, the County will argue that drops another month off the look





LAW OFFICES OF
LOUIS D. STOBER, JR. L.L.C.

back period. Obviously, we will be arguing that the statute of limitations should be tolled for this delay caused by the County.

The County's instant motion is yet another frivolous attempt to do the same. Factually, the County's letter is incorrect. This Court, by Memorandum and Order dated October 30, 2017, Docket #34, approved the Notice that the Plaintiffs provided in the motion for Collective Action with the caveat of a couple changes that needed to be made: "The Court has reviewed the Proposed Notice in its entirety and, save the issues described above, **approves of its contents**." (emphasis added, taken from page 19 of the Order).

The ONLY changes that this Court wanted was: "First, the notice should explain that this case - and any party's participation in it – is a matter of public record, as such an explanation is informative and Plaintiffs have not offered a specific objection to Defendants' request in this regard. See Def.'s Mem. At 7. Second, the notice should include revised language reflecting a three-year instead of a six year, notice period." (Order page 17). Those were the ONLY two changes ordered to be made and the amended Notice that I filed with the Court reflected both of those changes. At the Conference held on November 13, 2017, your Honor accepted those changes and approved my notice. It was only after the 13th that counsel for Defendants made the frivolous request to change the back date of the notice. As we stated in our response, (Docket No. 40), the relevant response we gave is:

"While it is true that the filing of the complaint does not toll the statute of limitations for collective action members who have not yet opted into an action, as it would for putative class members in a class action, the collective action notice is not designed to be a mechanism for excluding time-barred individuals. Instead, the notice requirement in a collective action is designed to serve a remedial purpose, namely, that employees receive timely and accurate notice regarding the pendency of a collective action so that they may decide whether to participate. See Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 371 (S.D.N.Y. 2007). As a result, and in order to ensure that employees who would otherwise have timely claims in a collective action are not improperly excluded, "specific challenges to the timeliness of the claims of certain 'opt-in' plaintiffs. . . can be addressed after the completion of discovery during the second phase of the collective action certification process." Rosario v. Valentine Ave. Disc. Store, Co., 828 F. Supp. 2d 508, 519 (E.D.N.Y. 2011) (quoting Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007). Furthermore, allowing the Plaintiffs to send opt-in notices to a larger group of employees than might otherwise have a timely claim under the FLSA is especially warranted where the Plaintiffs allege that a number of the prospective plaintiffs may have their statute of limitations extended through equitable tolling. Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011).

In the present action, the Defendants seek to limit the temporal scope of the notice, claiming that, at the earliest, collective action notices will not be distributed until February 1, 2018, and that therefore, any employee whose employment ended before February 1, 2015 should be excluded. First, while the Defendants have been given until February 1, 2018 to provide a listing of the potential collective action members, it does not follow that all potential collective action members will be forced to wait until February 1, 2018 to receive the opt-in notification. Not only can the Plaintiffs begin sending the notice to known potential collective action members upon this Court's approval of the notice, but this Court's own order has permitted the Plaintiffs to publish notice of the collective action in the CSEA Express. Therefore, it highly probable that a number of the potential members will execute their notice to join the action before February 1, 2015. Thus, the temporal limitation espoused by the Defendants could easily exclude individuals who would otherwise qualify to join the collective action.

Similarly, the Defendants' temporal limitations do not account for the fact that many of the prospective members' statute of limitations may be equitably tolled as a result of the Defendants' actions. While it is impossible to say with specificity how many potential class members would potentially have claims for equitable tolling and how long the limitations period would toll until discovery has completed, Plaintiffs believe that the Defendants have already engaged in activity that would warrant equitable tolling by the Court. In the present action, the Defendants have asked and already been granted a thirty day extension of time to provide the names, addresses and telephone numbers of all non-exempt County employees, forcing the Plaintiffs to wait nearly three and a half months to send notices to all of the Defendants' non-exempt employees. The Defendants should not then be allowed to assert that employees who would have otherwise had timely claims under the FLSA be barred from participation in the collective action when their need for an extension to gather the requested information prevented the potential collective action member from receiving timely notice.

More importantly however, the temporal limitations requested by the Defendants would directly conflict with the Memorandum and Order promulgated by this Court on October 30, 2017. In the Order, this Court specifically demanded that the Defendants "provide [the names, addresses, and telephone numbers] for potential collective action members employed by the County during the three-year period prior to the commencement of this action, consistent with the applicable FLSA statute of limitations." (Mem. & Order, at 22). Indeed, this Court has already recognized in its Memorandum and Order that for the purpose of notice of the collective action, the appropriate temporal scope is to notify all persons employed by the County three years prior to the commencement of the lawsuit. It is unclear how the argument could be made that the Plaintiffs' notice should be limited in temporal scope when the notice mirrors the time limit articulated by the Court with respect to the dissemination of employee information. Further, this Court's decision is not an outlier, as several courts within this Circuit have set forth identical temporal limitations with respect to collective action notices. See Guzelgurgenli v. Prime Time Specials Inc., 883 F. Supp. 2d 340, 357 (E.D.N.Y. 2012) (holding that in light of potential equitable tolling issues and in an abundance of caution, notice of the collective action should be sent



LAW OFFICES OF
**LOUIS D. STOBER, JR. L.L.C.**

to all employees who worked for the defendants within three years of the filing of the complaint); Whitehorn, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) (allowing notice of the collective action to be sent to all employees who worked for the defendant within three years of the filing of the complaint, with the understanding that any challenges regarding the timeliness of any opt-in plaintiff's claims could be entertained upon completion of discovery); see also; Flood v. Just Energy Mktg. Corp., No. 15 CIV. 2012 (AT), 2016 WL 354078, at *4 (S.D.N.Y. Jan. 25, 2016) (holding that notice of collective action should be sent to all employees who worked for defendant within three years prior to the commencement of the lawsuit). "

Consistent with the principles enunciated above and in order to prevent further harm to the collective members' statute of limitations, the opt in forms already filed should be accepted as the notice is in full conformance with the form that was approved by the Court back on October 30, 2017 and the conference on November 13, 2017. As the case law apply provides, at step 2 of the collective process the parties can determine who is covered and for what period, the opt in form is merely remedial, that is, to have the members opt in. In this case there may very well be over eighteen thousand members opting in. Opt in forms should not be held up by dilatory tactics of the County in its desperate attempt to cut off back monies by attempting to delay the date of opt ins.

The bottom line is that the County cannot point to a single aspect of the Opt in forms that has not already been approved by this Court. Every aspect that was to be put in the Notice as enunciated by the Court has been done, this Court has reviewed and approved the notice and form at the conference on November 13, 2017 and furthermore, equity and judicial economy (in addition to maximizing recovery for the members) is served by accepting the already filed opt in forms.

Thanking you in advance for your courtesies and cooperation.

Should you have any questions, please feel free to contact the undersigned.

Very truly yours,
Louis D. Stober, Jr.

LOUIS D. STOBER, JR. (LS-9318)

LDS:st
Cc:   Deanna D. Panico, Esq. via ECF only