PETER A. BEE*
RICHARD P. READY
PETER M. FISHBEIN
JAMES R. HATTER
THOMAS J. DONOVAN †
KENNETH A. GRAY
DONALD J. FARINACCI
WILLIAM C. DeWITT
MICHAEL P. SIRAVO

BEE READY FISHBEIN HATTER & DONOVAN, LLP

**BRFH&D**

ATTORNEYS-AT-LAW

SENIOR ASSOCIATE

ANGELO M. BIANCO

ASSOCIATES

† BRIAN A. SUPER
**STEPHEN L. MARTIR
DEANNA D. PANICO
ANDREW K. PRESTON
PETER OLIVERI, JR.
AMOS BRUNSON, JR.

OF COUNSEL

EDWARD P. RA
ROBERT G. LIPP †
ROBERT R. McMILLAN (Retired)

* ALSO ADMITTED IN FL
** ALSO ADMITTED IN NJ
† DECEASED

MAILING/SERVICE ADDRESS

NASSAU COUNTY OFFICE

February 26, 2018

Honorable Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

       Re:  Arciello, et al. v. County of Nassau, et al.
          EDNY Docket No.: 16-cv-3974 (ADS)(SIL)

Dear Judge Locke:

This law firm represents the Defendants in the above-referenced action. We are writing in response to the letter submitted by Plaintiffs' counsel on February 21, 2018, regarding the collective action retiree list. I must admit that, to date, the retiree list has not been produced and I apologize for the delay in this regard. When I proposed a production date of February 16, 2018 I was completely unaware as to the vast size of the retiree list. At that time, I had anticipated a list of a few hundred people. In truth, it appears that the list consists of more than three thousand individuals.

My client has been working diligently on putting the retiree list together. Last Friday, I did receive the retiree list from my client, but it erroneously excluded the addresses for the retirees. The County's IT Department corrected the error and today I received a revised copy of the list, however, I was advised that the list I received today is missing several unidentified former employees. Again, I apologize for these technical problems. We are working to have them corrected as soon as possible. Given the tremendous size of the collective action herein, such technical problems are inevitable. As stated, however, we are working diligently to correct the issue and will produce the retiree list immediately once corrected. If Plaintiffs' counsel would like to see the two erroneous lists that have been produced to me to date, I am more than willing to produce them to him as a showing of good faith.

With respect to Plaintiffs' counsel's allegations that I am somehow intentionally delaying production of the retiree list to run the statute of limitations, such an allegation is entirely unfounded and unwarranted. Indeed, Plaintiff's counsel, while launching such vague and unsupported allegations, has not pointed to a single incident wherein the undersigned counsel has intentionally delayed or intentionally defied a court-ordered deadline in this case.

Honorable Steven I. Locke
February 26, 2018
Page 2

"As the Second Circuit has held, 'equitable tolling is only appropriate 'in [ ] rare and exceptional circumstances,' ... in which a party is 'prevented in some extraordinary way from exercising his rights.''" *Arena v. Plandome Taxi Inc.*, 2013 WL 1748451, at *1 (E.D.N.Y. Apr. 23, 2013). Courts in this circuit have only found equitable tolling appropriate in the following situations: (1) where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period, (2) where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass, (3) where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion, or (4) where an employee demonstrates that it would have been impossible for a reasonably prudent person to learn of the cause of action ... or if the defendant concealed from the plaintiff the existence of the cause of action. *Arena v. Plandome Taxi Inc.*, 2013 WL 1748451, at *1 (E.D.N.Y. Apr. 23, 2013).

Not one of these extraordinary circumstances is present here. Of note, Plaintiffs' have actively been distributing the opt-in consent form for months, as demonstrated by the hundreds of consent forms filed to date. Furthermore, the delay of one month in producing a list consisting of more than three thousand employees is entirely reasonable. Therefore, Defendants respectfully request that the Court deny Plaintiffs' request for tolling.

Thank you for your consideration of this matter.

Respectfully yours,

Deanna D. Panico