

*LAW OFFICES OF*

# LOUIS D. STOBER, JR., L.L.C.

*98 FRONT STREET*
*MINEOLA, NEW YORK 11501*

*LOUIS D. STOBER, JR*

---

*ALYSSA F. BOMZE†*
*SHOGIK S. OGANISYAN*
*ANTHONY P. GIUSTINO‡*

---

*‡ OF COUNSEL*
*†ADMITTED IN NY & NJ*

*WEBSITE: WWW.STOBERLAW.COM*
*TEL: (516) 742-6546*
*FAX: (516) 742-8603\**
*\* NOT FOR SERVICE OF PROCESS*

March 9, 2018

Honorable Steven I. Locke
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re:** **Arciello, et al. v. County of Nassau, et al. Docket No.: 16-cv-3974 (ADS)(SIL):**
**Letter Motion for Equitable Tolling**

Dear Judge Locke:

Please allow this letter to serve as a response to the Defendants' February 26, 2018 letter and as a motion to equitably toll the applicable statute of limitations within this action. While the Plaintiffs' original letter on February 22, 2018 specifically asked that the statute of limitations be tolled with respect to the thousands of retirees whose information has not yet been provided by the Defendants, due to the persistent delays that have occurred, resulting from the actions and efforts of the Defendants, we now ask that the applicable statute of limitations be tolled with respect to both the retirees and non-retirees eligible to participate in this action. Particularly, we request that the retirees' statute of limitations be tolled from the date of the filing of the motion for collective action on March 1, 2017, to the date in which Plaintiffs' counsel is furnished with the contact information for the eligible retirees, which has not yet occurred. With respect to the non-retirees, we ask that the statute of limitations be tolled in the period from March 1, 2017 to January 31, 2018, the date in which the Defendants provided the contact information for all of its current non-exempt employees eligible to join the action.

The courts within the Second Circuit are bound by a two-part test to determine whether equitable tolling is applicable: (1) "whether the person seeking application of the equitable





LAW OFFICES OF
**LOUIS D. STOBER, JR. L.L.C.**

tolling doctrine has 'acted with reasonable diligence during the time period [he or] she seeks to have tolled,'" and whether the person "(2) has proved that the circumstances are so extraordinary that the doctrine should apply." Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80–81 (2d Cir. 2003), as amended (July 29, 2003) (quoting Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir.2002). Equitable tolling has been considered to be appropriate in situations where a plaintiff pursued judicial remedies but filed a defective pleading, where a medical or mental condition has impaired a timely proceeding, and relevantly, where a plaintiff is prevented from exercising his or her rights in some extraordinary way, or made unaware of his or her cause of action due to the Defendants' conduct. Id. at 80.

I:      **Tolling is Warranted for the Time Elapsed During the Court's Consideration of the Certification Motion**

In the context of FLSA cases, wherein the statute of limitations continues to run for putative members of the collective action until written consent to join the lawsuit has been filed, a district court has more leniency to toll the limitations period to avoid "inequitable circumstances," though "due consideration" must be given to the plaintiffs' diligence in pursuing their rights and the circumstances surrounding the request for equitable relief. Cabrera v. Stephens, No. 16CV3234ADSSIL, 2017 WL 4326511, at *7 (E.D.N.Y. Sept. 28, 2017). Within this context, the courts have recognized that the delay in deciding a conditional certification motion has been accepted as an extraordinary circumstance sufficient to warrant equitable tolling, even in the absence of any wrongdoing by the defendant. Id. at *7; Viriri v. White Plains Hosp. Med. Ctr., 320 F.R.D. 344, 356 (S.D.N.Y. 2017). The rationale for this recognition, as stated by the Southern District in McGlone v. Contract Callers Inc., is that while plaintiffs are not permitted to sit upon their rights indefinitely, the plaintiffs should "not be penalized due to the courts' heavy dockets and understandable delays in rulings," especially where the putative class representative and their counsel have diligently pursued their claims. 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012).

Here, the Plaintiffs filed their motion for collective action on March 1, 2017, and the motion was subsequently decided on October 30, 2017, constituting a nearly eight month or approximately 244 day delay between the filing of the motion and the granting of the same. While there has been some split in opinion on the length of the delay that is needed to constitute an extraordinary circumstance sufficient to justify equitable tolling, courts have routinely found delays of the length present in this case to be more than sufficient to warrant a tolling of the limitations period from the filing of the motion for collective action certification to the date of its granting, even in the absence of wrongdoing by the defendant. Jackson v. Bloomberg, L.P., 298 F.R.D. 152, 170 (S.D.N.Y. 2014) (allowing equitable tolling from the filing of the conditional certification motion to its granting, which took seven months to decide); McGlone, 867 F. Supp. 2d at 445 (allowing equitable tolling from the date of the filing of the certification motion to its granting, which took four months to decide). In fact, in Your Honor's September 28, 2017 order in the Cabrera case, Your Honor granted a similar request to toll the statute of limitations from the filing of the certification motion to the entry of the order granting the certification motion, which equaled a tolling period of 220 days, an almost identical length of time to the 244 days that passed in this action. 2017 WL 4326511, at *7. Furthermore, while the ordinary delay based



upon the size of the courts' dockets has been sufficient to warrant equitable tolling even in the absence of any act by a defendant, this Court should not ignore that the delay in the Court's decision granting our certification motion was exacerbated by both the Defendants' request for an extension of time to respond, thus preventing the motion from being fully briefed until April 26, 2017, and the distraction caused by the Defendants' continued failure to provide sufficient discovery during consideration of the motion, which resulted in the granting of a motion to compel and two court conferences in August and September of 2017 focused primarily on those issues. See DE [17, 19-21, 25-26]. Therefore, the length of the delay in this case, coupled with the Defendants' actions contributing to the delay, warrants that the statute of limitations for all of the opt-in and putative opt-in members be tolled from March 1, 2017 to October 30, 2017.

**II:    Tolling is Warranted for Delays that have Occurred Subsequent to this Court's Granting of the Certification Motion**

In addition to the tolling of the statute of limitations during the Court's consideration of the certification motion, the equitable tolling of the statute of limitations is also warranted with respect to the period after the certification motion was granted. As alluded to previously, the law is clear that equitable tolling is appropriate where a party is "prevented in some extraordinary way from exercising his [or her] rights" or where a plaintiff is made unaware of a cause of action due to the defendant's conduct. See Zerilli-Edelglass, 333 F.3d at 80–81. As stated in our prior letter, since the certification motion was granted, the Defendants have seemingly engaged in a pattern of behavior designed to ensure that the potential and/or current opt-in members' recovery is drained or cut off entirely, by endeavoring to prevent the members from becoming aware of their rights to join the action, or by preventing them from joining this action altogether. While the Defendants have characterized these allegations as "vague and unsupported," one only needs to review the Defendants' actions after the grant of the certification motion to recognize that they have engaged in such behavior.

In Your Honor's October 30, 2017 order, you directed the parties to submit to the Court, within seven days, an agreed upon schedule for the Defendants' production of the contact information for all of the putative opt-in members. (Mem. and Order at 22). Despite the directives of the Order, on November 9, 2017, the Defendants informed the Court they were not yet ready to submit a timeframe for the production of the information, constituting the first in a series of delays now spanning approximately four months. (A copy of this letter is annexed hereto as "Exhibit A"); [DE 35]. Then, at the conference before this Court on November 13, 2017, the Defendants requested and received a month's extension of time to produce the opt-in information for the putative opt-in members, being given until January 31, 2018 to produce the ordered information. [DE 37]. Almost immediately after the conference, on November 17, 2017, the Defendants moved to amend the Plaintiffs' revised notice by limiting its dissemination to only those individuals employed from three years prior to February 1, 2018 (presumably to reflect the date in which the Plaintiffs would receive the putative opt-in members' contact information), despite this Court's clear mandate that the putative opt-in member's contact information be provided for those employed from three years prior to the commencement of the action to the present and despite the fact that the Defendants did not raise the issue at the



LAW OFFICES OF
LOUIS D. STOBER, JR. L.L.C.

conference which occurred only a few days earlier. (A copy of the Defendants' letter and the Plaintiffs' response are annexed hereto as "Exhibit B and C").

After the Court's decision, the Plaintiffs diligently attempted to disseminate the collective action notices to as many potential members as could be located to preserve as many of their claims as possible. While the Plaintiffs were unable to reach many of the putative members without first obtaining their contact information, the Plaintiffs were successful in receiving over 200 opt-ins within the first few weeks of its dissemination. See [DE 41–49]. In response to the Plaintiffs' diligent efforts and their success in obtaining at least some of the opt-ins, on December 6, 2017, the Defendants moved to strike the over 200 opt-ins the Plaintiffs were able to obtain and to prevent the dissemination of any more collective action notices, characterizing them as "unauthorized" and "contain[ing] false information," all in an effort to cut-off the recovery of those who had joined while preventing more members from joining the action for as long as possible. (A copy of the Defendants' letter and the Plaintiffs' response are annexed hereto as "Exhibits D and E"), [DE 50–51]. In fact, as a result of the motion, this Court directed, on December 7, 2017, that the Plaintiffs were refrained from distributing or filing any further consent forms until a hearing was held on the matter. Despite the Defendants efforts, on December 18, 2017, this Court rejected their motion to strike and to amend the collective action notices in its entirety. [DE 60]. After the December 18th hearing, and to the present, the Plaintiffs have continued to diligently obtain collective action notices from as many of the putative members as possible. Such efforts were bolstered when the Plaintiffs received the contact information for the non-retiree putative collective action members on January 31, 2018, finally allowing the Plaintiffs to identify all of the non-retirees who qualified for the collective action.

However, upon reviewing the list, it came to our attention that thousands of retirees who were no longer employed by the County, but eligible to join the collective action, were excluded from the listing provided to the Plaintiffs. At a conference on February 13, 2018, the Plaintiffs notified this Court of the Defendants' continued failure to provide the contact information of the retirees in clear contravention of this Court's order that the contact information for all putative members of the collective action be provided by January 31, 2018. [DE 148]. At the conference, the Defendants represented both to Plaintiffs' counsel and this Court that the list of retirees would be provided by February 16, 2018. As of the February 26, 2018 letter, the Defendants had still not provided the list of retirees, but claimed that they were working diligently in putting the list together. It has been close to two weeks since the letter, and yet, *to date*, the Plaintiffs have neither received the list of retiree contact information, nor any indication from the Defendants as to when, if ever, such a list might be produced.

This foregoing case history constitutes an extraordinary effort on the part of the Defendants to ensure that the putative collective action members were prevented from learning about and opting into the action for as long as possible, in order to drain or cut-off as much of the recovery as possible. While the extensive delays alone may not be enough to illuminate the Defendants' seemingly nefarious scheme, there is no greater evidence of the Defendants' true intentions than their efforts on November 17, 2017 to limit dissemination of the opt-in notices, which would have excluded a sizeable portion of the eligible employees, and on December 6,



LAW OFFICES OF
**LOUIS D. STOBER, JR. L.L.C.**

2017 to strike over 200 filed consent forms for individuals who had already joined the collective action. In the February 26, 2018 letter, Defendants' counsel has accused the Plaintiffs of alleging that she has intentionally delayed the production of the retiree list to run the statute of limitations and thereby diminish or eliminate the putative members' ability to recover. While we make no such allegations against Defendants' counsel individually, the Defendants' delay tactics since the certification motion was granted have been too continuous to be explained away as mere coincidence. Even if no ill-motive exists, the continued failure to produce the retiree list has constituted the latest example in a long-running series of delays to the opting-in of potential members of the collective action, which have arisen continuously since November of last year. Therefore, even in the absence of bad-faith by the Defendants, the series of delays caused by the Defendants has warranted the extension of the equitable tolling of the statute of limitations beyond this Court's granting of the certification motion.

In the February 26th letter, as a rebuttal to the Plaintiffs' claims, the Defendants point out that the Plaintiffs have been actively distributing the opt-in consent form for months, and that with respect to the retirees, another month's delay in producing a list consisting of up to 3,000 retirees is entirely reasonable. While it is true that the Plaintiffs' diligence enabled a number of potential members to opt-in to the action before the Defendants provided the contact information for all of the non-exempt, non-retirees, such a fact provides little solace to the individuals who could not be reached based on the Defendants delay in providing the requested information, thereby leading to the diminution or outright elimination of their recovery. This problem is magnified with respect to the retirees, as unlike some of the non-retirees who could be reached by the Plaintiffs at their places of employment, it is impossible for the Plaintiffs to identify who the retirees are without first obtaining their contact information from the Defendants.

Therefore, in light of the foregoing reasons, the Plaintiffs request that the statute of limitations for both, all of the non-retiree members and all of the non-retired potential members of the collective action be tolled from March 1, 2017, the filing of the collective action certification motion, to January 31, 2018, the date in which their contact information was received. With respect to the retirees who may be potential members of the collective action, we ask that the statute of limitations be tolled from March 1, 2017 until the date in which the Plaintiffs receive contact information for all of the eligible retirees.

We would like to thank you for your consideration of this matter. Should you have any questions, please feel free to contact the undersigned.

Very truly yours,

Louis D. Stober, Jr., Esq.

# EXHIBIT A

PETER A. BEE^
RICHARD P. READY
PETER M. FISHBEIN
JAMES R. HATTER
THOMAS J. DONOVAN †
KENNETH A. GRAY
DONALD J. FARINACCI
WILLIAM C. DeWITT
MICHAEL P. SIRAVO

OF COUNSEL

EDWARD P. RA
ROBERT G. LIPP †
ROBERT R. McMILLAN *(Retired)*

^  ALSO ADMITTED IN FL
^^ ALSO ADMITTED IN NJ
†  DECEASED

**BEE READY FISHBEIN HATTER & DONOVAN, LLP**

# B R F H & D

A T T O R N E Y S - A T - L A W

SENIOR ASSOCIATE

ANGELO M. BIANCO

ASSOCIATES

† BRIAN A. SUPER
^^STEPHEN L. MARTIR
DEANNA D. PANICO
ANDREW K. PRESTON
PETER OLIVERI, JR.
PHILIP A. BUTLER
AMOS BRUNSON, JR.

MAILING/SERVICE ADDRESS

NASSAU COUNTY OFFICE

November 9, 2017

Honorable Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

> Re:   Arciello, et al. v. County of Nassau, et al.
> EDNY Docket No.: 16-cv-3974 (ADS)(SIL)

Dear Judge Locke:

This law firm represents the Defendants in the above-referenced action.  I am writing in accordance with Your Honor's Order, dated October 30, 2017, which directed the parties to submit "an agreed-upon schedule for Defendants' production of potential opt-in members' contact information."  I have had several discussions with my client regarding an estimated timetable for production of this information.  Given the tremendous size of this potential collective action (approximately eight thousand (8,000) employees), the County has not yet been able to come up with an exact timeframe for the production of this information.  In particular, the County must separate the exempt employees from the non-exempt employees, which will be a time-consuming process.

Defendants are working, however, to figure out the best way to put the requested information together.  I anticipate that by the upcoming conference, on Monday, November 13, 2017, Defendants will be able to provide the Court with a timeframe for production.

Thank you for your consideration of this matter.

Respectfully yours,

Deanna D. Panico

Nassau County Office:  170 Old Country Road • Suite 200 • Mineola, NY 11501 • Telephone (516) 746-5599 • Fax (516) 746-1045
Suffolk County Office:  105 Maxess Road • Suite 121 • Melville, NY  11747 • Telephone (631) 501-1030 • Fax (631) 501-5995

# EXHIBIT B

PETER A. BEE*
RICHARD P. READY
PETER M. FISHBEIN
JAMES R. HATTER
THOMAS J. DONOVAN †
KENNETH A. GRAY
DONALD J. FARINACCI
WILLIAM C. DeWITT
MICHAEL P. SIRAVO

OF COUNSEL

EDWARD P. RA
ROBERT G. LIPP †
ROBERT R. McMILLAN  *(Retired)*

*  ALSO ADMITTED IN FL
** ALSO ADMITTED IN NJ
† DECEASED

### BEE READY FISHBEIN HATTER & DONOVAN, LLP

# B R F H & D
### A T T O R N E Y S - A T - L A W

SENIOR ASSOCIATE

ANGELO M. BIANCO

ASSOCIATES

† BRIAN A. SUPER
**STEPHEN L. MARTIR
DEANNA D. PANICO
ANDREW K. PRESTON
PETER OLIVERI, JR.
AMOS BRUNSON, JR.

MAILING/SERVICE ADDRESS

NASSAU COUNTY OFFICE

November 17, 2017

Honorable Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

> Re:   Arciello, et al. v. County of Nassau, et al.
> <u>EDNY Docket No.: 16-cv-3974 (ADS)(SIL)</u>

Dear Judge Locke:

This law firm represents the Defendants in the above-referenced action.  I am writing to object to the revised Notice of Collective Action filed by Plaintiffs' counsel on November 10, 2017, and to respectfully request that the Court Order Plaintiffs' counsel to modify the collective action notice to reflect February 1, 2015 as the earliest eligibility date to qualify for participation in this lawsuit.

To be clear, Defendants are specifically objecting to the eligibility period provided for in the revised notice.  In the section entitled, "Who Can Join," Plaintiffs' counsel describes eligibility for participation in this lawsuit as follows:

> The Named Plaintiffs have sued on behalf of themselves and:
>
> > All non-exempt employees who worked for the Defendants at any time during the time period of July 18, 2013 to July 18, 2016.
>
> If you meet this definition, have worked for the Defendants at any time between July 18, 2013 to July 18, 2016 and you received this Notice, you may be eligible to join this action.

This information is entirely inaccurate.  As explained in further detail below, the statute of limitations bars the claim of any opt-in member pre-dating February 2015, and, therefore, any non-exempt employee whose employment ended before February 2015, is not eligible to participate in this lawsuit.

Honorable Steven I. Locke
November 17, 2017
Page 2

While Defendants recognize Your Honor's Order holding that, at this stage, a three-year notice period is applicable in light of the allegations of willfulness, that three-year period does not run from the filing of the Complaint in this action, as the revised Notice presently reflects. "The act of filing a complaint does not, by itself, toll the statute of limitations, as the FLSA 'requires an employee with a[n] FLSA claim to affirmatively opt-in to any collective action.' For all plaintiffs, including those named in the complaint, 'the statute of limitations period continues to run with respect to each potential plaintiff's collective action claim until that plaintiff files the written consent form,' and 'signed consents do not relate back to the original filing date of the complaint.'" *Jie Zhang v. Wen Mei, Inc.*, 2015 WL 6442545, at *5 (E.D.N.Y. Oct. 23, 2015) (internal citations omitted); *Fracasse v. People's United Bank*, 2013 WL 3049333, at *2 (D. Conn. June 17, 2013) (explaining that the "statute of limitations on an individual's FLSA claims continues to run until that individual opts in as a plaintiff."); *Pippins v. KPMG LLP*, 2011 WL 1143010, at *6 (S.D.N.Y. Mar. 21, 2011) (noting that "[a]s a collective action, the statute of limitations for opt-in plaintiffs continues to run until the plaintiffs opt-in to the action."); *Malena v. Victoria's Secret Direct, LLC*, 2010 WL 4642443, at *3 (S.D.N.Y. Nov. 16, 2010) (explaining, "[t]he statute of limitations continues to run on a potential class member's claim until she files written consent with the Court."); *Melgadejo v. S & D Fruits & Vegetables Inc.*, 2013 WL 5951189, at *2 (S.D.N.Y. Nov. 7, 2013) (same); *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 58 (S.D.N.Y. 2009) (same); *Thind v. Healthfirst Mgmt. Servs., LLC*, 2015 WL 4554252, at *3 (S.D.N.Y. July 29, 2015) (holding that "signed consents do not relate back to the original filing date of the complaint.").

Indeed, this very issue was addressed in *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 213 (E.D.N.Y. 2015). In that case, Judge Kuntz stated the following

> The notice proposed by the plaintiff describes the temporal scope of claims by potential opt-in plaintiffs as dating back three years from the filing of the complaint. This is incorrect. As noted earlier, the statute of limitations for FLSA claims is not tolled with the filing of the complaint, but rather continues to run until the order granting conditional certification is entered or is equitably tolled.

Based on this well-established law, and because the collective action notice will not be distributed to the collective action members until February 1, 2018 (at the earliest), it is clear that February 1, 2015 is the earliest possible date that an opt-in member in this case may have been last employed by Defendants in order to have a timely claim under the FLSA. In other words, the statute of limitations will bar the claims of all potential collective action members whose employment with Defendants ended before February 2015. Thus, individuals who were employed by the County after July 18, 2013, but whose employment ended before February

Honorable Steven I. Locke
November 17, 2017
Page 3


2015, would not be eligible to participate in this lawsuit.  This is not accurately reflected in the Notice as presently drafted.

In light of the foregoing, Defendants respectfully request that the Court Order Plaintiffs to revise the proposed notice so as to exclude those individuals with time barred claims. It is respectfully requested that the proposed notice be revised to reflect an earliest eligibility date of February 1, 2015.

I contacted Plaintiffs' counsel on November 15, 2017 to determine whether he would consent to the aforementioned change, however, Plaintiffs' counsel stated, on that date, that he would not consent to Defendants' request.

Thank you for your consideration of this matter.

Respectfully yours,

Deanna D. Panico

# EXHIBIT A

Case 2:16-cv-03974-JMA-SIL   Document 154   Filed 03/09/18   Page 13 of 28 PageID #: 2966

Case 2:16-cv-03974-ADS-SIL   Document 39   Filed 11/17/17   Page 5 of 8 PageID #: 279
Case 2:16-cv-03974-ADS-SIL   Document 36   Filed 11/10/17   Page 3 of 6 PageID #: 268

**NOTICE OF LAWSUIT WITH OPPORTUNITY TO JOIN**
*Arciello et al. v. County of Nassau, Edward Mangano, in his individual and Official*
*capacity, and Nassau County Civil Service Commission*
16-CV-3974 (ADS) (SIL)

United States District Court, Eastern District of New York

**TO: NON-EXEMPT EMPLOYEES OF NASSAU COUNTY**

**RE: OVERTIME COMPENSATION PAYMENT DELAY**

I. Introduction

A collective action lawsuit has been filed against the County of Nassau, Edward Mangano, in his individual and official capacity, and Nassau County Civil Service Commission for the alleged failure to pay overtime compensation in a prompt and timely manner to non-exempt Nassau County employees as required by law. Defendants deny the allegations. You are potentially "similarly situated" to the Plaintiffs in the lawsuit and therefore can join this lawsuit. This letter advises you how this suit may affect your rights and instruct you on the procedure for participating in this suit, if you choose to join.

II. **DESCRIPTION OF THE LAWSUIT**

On July 18, 2016, Robert J. Arciello, Francis J. Gorey, Jr., Diane Mastropaolo, Glen F. Tuifel, Daniel E. Speicher, Lawrence J. Loiselle, Joseph T. Whittaker, James Sharkey, Kirk Fowlkes, John Cloudman, Nicholas Palmese, and John Ochwat sued the County of Nassau, Edward Mangano, in his individual and official capacity, and Nassau County Civil Service Commission for failing to pay overtime compensation in a prompt and timely manner under the Fair Labor Standards Act. This case was filed in Federal Court in the Eastern District of New York and is a matter of public record.

The lawsuit alleged that the County of Nassau, Edward Mangano, in his individual and official capacity, and Nassau County Civil Service Commission, engaged in a compensation policy which caused a four to eight-week delay in employees being compensated for overtime they worked. Plaintiffs are seeking compensation for all the overtime that they worked, plus interest, statutory penalties, reasonable attorney's fees and litigation costs for himself and for you, if you decide to join this lawsuit.

The Defendants deny any wrongdoing to the Plaintiff or to any past or present employee who allege that they were not paid overtime compensation in a prompt and timely manner. No determination has been made as to whether you are owed any overtime wages or not, and the Court is not endorsing the merits of the lawsuit or advising you to participate in the lawsuit.

III. **WHO CAN JOIN**

1

Case 2:16-cv-03974-JMA-SIL   Document 154   Filed 03/09/18   Page 14 of 28 PageID #: 2967

Case 2:16-cv-03974-ADS-SIL   Document 39   Filed 11/17/17   Page 6 of 8 PageID #: 280
Case 2:16-cv-03974-ADS-SIL   Document 36   Filed 11/10/17   Page 4 of 6 PageID #: 269

The Named Plaintiffs have sued on behalf of themselves and:

> All non-exempt employees who worked for the Defendants at any time during the time period of July 18, 2013 to July 18, 2016.

If you meet this definition, have worked for the Defendants at any time between July 18, 2013 to July 18, 2016 and you received this Notice, you may be eligible to join this action. If you do not meet those criteria, or if you have already brought a lawsuit against the County of Nassau, Edward Mangano, in his individual and official capacity, and Nassau County Civil Service Commission for failure to pay overtime wages in a prompt and timely manner, you may not be eligible for this lawsuit.

## IV.   <u>YOUR RIGHT TO PARTICIPATE IN THIS SUIT</u>

If you fit the definition above and agree to the representation of Plaintiffs' counsel, you may join this suit (that is, you may "opt-in") by faxing the Opt-in Consent Form to 516-742-8603 or mailing it to Plaintiffs' counsel at the following address:

**LAW OFFICES OF LOUIS D. STOBER, JR., LLC**
*Attn: Arciello et al. v. County of Nassau, et al.*
Collective Action
98 Front Street
Mineola, NY 11501
Phone: 516-742-6546
Fax: 516-742-8603
agrancio@stoberlaw.com

This form must be returned in sufficient time to have Plaintiffs' counsel file it with the federal court on or before **[60 days]**. Alternatively, you may hire our own attorney to represent you in this matter and may file this form directly with the Clerk of the Court at:

United States District Court
Eastern District of New York
Clerk of the Court
100 Federal Plaza
Central Islip, New York

If you do not return the Opt-In Consent Form to Plaintiffs' counsel or file it with the Clerk before the above deadline, you may not be able to participate in this lawsuit.

## V.   **EFFECT OF JOINING THE SUIT**

If you choose to join in the suit, you will be bound by the judgment or settlement, whether it is favorable or unfavorable. If there is a recovery, the attorneys for the prospective collective action members will receive a part of any settlement obtained or

2

Case 2:16-cv-03974-JMA-SIL   Document 154   Filed 03/09/18   Page 15 of 28 PageID #: 2968

Case 2:16-cv-03974-ADS-SIL   Document 39   Filed 11/17/17   Page 7 of 8 PageID #: 281
Case 2:16-cv-03974-ADS-SIL   Document 36   Filed 11/10/17   Page 5 of 6 PageID #: 270

money judgment entered in favor of all members of the prospective class. By joining this lawsuit, you designate the class representatives as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

You may be called upon to testify, appear for depositions, and respond to discovery requests. The decisions and agreements made and entered into by the representative Plaintiffs will be binding on you if you join this lawsuit.

Alternatively, you may hire counsel of your own choosing to represent you in this lawsuit. In such case, the class representatives will not be your agent and will not make any decisions on your behalf.

## VI.   **NO LEGAL EFFECT IN NOT JOINING THIS SUIT**

If you choose not to join this suit, you will not be affected by any judgment or settlement rendered in this case. If you choose not to join in this lawsuit, you are free to file your own lawsuit. The statute of limitations will continue to run on your claim until you join this suit or file your own.

## VII.   **NO RETALIATION PERMITTED**

Federal law prohibits Defendants from retaliating against you in any discriminating manner because you join this lawsuit.

## VIII.   **YOUR LEGAL REPRESENTATION IF YOU JOIN**

You are free to be represented by counsel of your own choosing or by Named Plaintiffs' counsel, as counsel for the collective action members. Counsel for the Plaintiff and collective action members are:

Louis D. Stober, Jr., Esq.
98 Front Street
Mineola, NY 11501
Phone: 516-742-6546
Fax: 516-742-8603
Lstober@stoberlaw.com

If you choose to hire your own attorney to represent you in this matter, they must file an opt-in consent form with the Clerk of the Court within [60 days].

## IX.   **FURTHER INFORMATION**

You may obtain further information about this Notice, filing and Opt-in Consent Form, or answers to questions concerning this lawsuit by writing or calling Plaintiffs'

counsel at the number or address stated above. Please do not contact the Court with questions regarding this Notice.

### **PLEASE NOTE**

There is a two (2) year deadline for filing overtime claims, or three (3) years if the violation was willful, running from the dates(s) the overtime hours were actually worked. Thus, you should return your Opt-in Consent Form as soon as possible so we may file it with the Court and preserve your claim.

### Complete and Mail To:
**LAW OFFICES OF LOUIS D. STOBER, JR., LLC**
Attn: Arciello, et al. v. County of Nassau, et al.
Collective Action
98 Front Street
Mineola, NY 11501
Phone: 516-742-6546
Fax: 516-742-8603

EXHIBIT C



LAW OFFICES OF
## LOUIS D. STOBER, JR., L.L.C.

*98 FRONT STREET*
*MINEOLA, NEW YORK 11501*

*LOUIS D. STOBER, JR*

*ALYSSA F. BOMZE†*
*SHOGIK S. OGANISYAN*
*ANTHONY P. GIUSTINO‡*
*MARC J. IALENTI‡*

*‡OF COUNSEL*
*†ADMITTED IN NY & NJ*

*WEBSITE: WWW.STOBERLAW.COM*
*TEL: (516) 742-6546*
*FAX: (516) 742-8603\**
*\* NOT FOR SERVICE OF PROCESS*

November 20, 2017

Honorable Steven I. Locke
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re:**   **Arciello, et al. v. County of Nassau, et al. Docket No.: 16-cv-3974 (ADS)(SIL)**

Dear Judge Locke:

Our office represents the Plaintiffs in the above entitled action. Please allow this letter to serve as a response to the Defendants' November 17, 2017 letter objecting to the revised Notice of Collective Action filed by our office on November 10, 2017. The Plaintiffs believe that at this time, the revised notice is more than sufficient to warrant the Court's approval and that any challenge regarding the qualification of individuals seeking to participate in the FLSA collective action should be tabled until the completion of discovery.

While it is true that the filing of the complaint does not toll the statute of limitations for collective action members who have not yet opted into an action, as it would for putative class members in a class action, the collective action notice is not designed to be a mechanism for excluding time-barred individuals. Instead, the notice requirement in a collective action is designed to serve a remedial purpose, namely, that employees receive timely and accurate notice regarding the pendency of a collective action so that they may decide whether to participate. See Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d





LAW OFFICES OF
**LOUIS D. STOBER, JR. L.L.C.**

357, 371 (S.D.N.Y. 2007). As a result, and in order to ensure that employees who would otherwise have timely claims in a collective action are not improperly excluded, "specific challenges to the timeliness of the claims of certain 'opt-in' plaintiffs. . . can be addressed after the completion of discovery during the second phase of the collective action certification process." Rosario v. Valentine Ave. Disc. Store. Co., 828 F. Supp. 2d 508, 519 (E.D.N.Y. 2011) (quoting Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007). Furthermore, allowing the Plaintiffs to send opt-in notices to a larger group of employees than might otherwise have a timely claim under the FLSA is especially warranted where the Plaintiffs allege that a number of the prospective plaintiffs may have their statute of limitations extended through equitable tolling. Whitchorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011).

In the present action, the Defendants seek to limit the temporal scope of the notice, claiming that, at the earliest, collective action notices will not be distributed until February 1, 2018, and that therefore, any employee whose employment ended before February 1, 2015 should be excluded. First, while the Defendants have been given until February 1, 2018 to provide a listing of the potential collective action members, it does not follow that all potential collective action members will be forced to wait until February 1, 2018 to receive the opt-in notification. Not only can the Plaintiffs begin sending the notice to known potential collective action members upon this Court's approval of the notice, but this Court's own order has permitted the Plaintiffs to publish notice of the collective action in the CSEA Express. Therefore, it highly probable that a number of the potential members will execute their notice to join the action before February 1, 2015. Thus, the temporal limitation espoused by the Defendants could easily exclude individuals who would otherwise qualify to join the collective action.

Similarly, the Defendants' temporal limitations do not account for the fact that many of the prospective members' statute of limitations may be equitably tolled as a result of the Defendants' actions. While it is impossible to say with specificity how many potential class members would potentially have claims for equitable tolling and how long the limitations period would toll until discovery has completed, Plaintiffs believe that the Defendants have already engaged in activity that would warrant equitable tolling by the Court. In the present action, the Defendants have asked and already been granted a thirty day extension of time to provide the names, addresses and telephone numbers of all non-exempt County employees, forcing the Plaintiffs to wait nearly three and a half months to send notices to all of the Defendants' non-exempt employees. The Defendants should not then be allowed to assert that employees who would otherwise had timely claims under the FLSA be barred from participation in the collective action when their need for an extension to gather the requested information prevented the potential collective action member from receiving timely notice.

More importantly however, the temporal limitations requested by the Defendants would directly conflict with the Memorandum and Order promulgated by this Court on October 30, 2017. In the Order, this Court specifically demanded that the Defendants "provide [the names, addresses, and telephone numbers] for potential collective action members



LAW OFFICES OF
LOUIS D. STOBER, JR. L.L.C.

employed by the County during the three-year period prior to the commencement of this action, consistent with the applicable FLSA statute of limitations." (Mem. & Order, at 22). Indeed, this Court has already recognized in its Memorandum and Order that for the purpose of notice of the collective action, the appropriate temporal scope is to notify all persons employed by the County three years prior to the commencement of the lawsuit. It is unclear how the argument could be made that the Plaintiffs' notice should be limited in temporal scope when the notice mirrors the time limit articulated by the Court with respect to the dissemination of employee information. Further, this Court's decision is not an outlier, as several courts within this Circuit have set forth identical temporal limitations with respect to collective action notices. See Guzelgurgenli v. Prime Time Specials Inc., 883 F. Supp. 2d 340, 357 (E.D.N.Y. 2012) (holding that in light of potential equitable tolling issues and in an abundance of caution, notice of the collective action should be sent to all employees who worked for the defendants within three years of the filing of the complaint); Whitehorn, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) (allowing notice of the collective action to be sent to all employees who worked for the defendant within three years of the filing of the complaint, with the understanding that any challenges regarding the timeliness of any opt-in plaintiff's claims could be entertained upon completion of discovery); see also; Flood v. Just Energy Mktg. Corp., No. 15 CIV. 2012 (AT), 2016 WL 354078, at *4 (S.D.N.Y. Jan. 25, 2016) (holding that notice of collective action should be sent to all employees who worked for defendant within three years prior to the commencement of the lawsuit).

Therefore, it is unnecessary for the parties to quibble with respect to temporal scope of the Plaintiffs' notice as any statute of limitations argument should be reserved upon completion of discovery. Thus, in light of the foregoing, the Plaintiffs respectfully request that the Court approve the Plaintiffs revised notice in its entirety.

We thank you for your time and attention to this matter. Should you have any questions, please feel free to contact the undersigned.

Very truly yours,

*Louis D. Stober, Jr.*
LOUIS D. STOBER, JR.

# EXHIBIT D

PETER A. BEE*
RICHARD P. READY
PETER M. FISHBEIN
JAMES R. HATTER
THOMAS J. DONOVAN †
KENNETH A. GRAY
DONALD J. FARINACCI
WILLIAM C. DeWITT
MICHAEL P. SIRAVO

BEE READY FISHBEIN HATTER & DONOVAN, LLP

# B R F H & D
### A T T O R N E Y S - A T - L A W

SENIOR ASSOCIATE

ANGELO M. BIANCO

ASSOCIATES

† BRIAN A. SUPER
**STEPHEN L. MARTIR
DEANNA D. PANICO
ANDREW K. PRESTON
PETER OLIVERI, JR.
AMOS BRUNSON, JR.

OF COUNSEL

EDWARD P. RA
ROBERT G. LIPP †
ROBERT R. McMILLAN *(Retired)*

* ALSO ADMITTED IN FL
** ALSO ADMITTED IN NJ
† DECEASED

MAILING/SERVICE ADDRESS

NASSAU COUNTY OFFICE

December 6, 2017

Honorable Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

> Re:   Arciello, et al. v. County of Nassau, et al.
>       <u>EDNY Docket No.: 16-cv-3974 (ADS)(SIL)</u>

Dear Judge Locke:

This law firm represents the Defendants in the above-referenced action. We are writing to respectfully request that the Court strike the Opt-In Consent Forms filed by Plaintiffs and Order Plaintiffs to cease and desist from continuing to solicit collective action members through the distribution of an unauthorized collective action notice.

On November 10, 2017, Plaintiffs filed a proposed collective action notice with the Court. That proposed notice contains an erroneous eligibility date. The notice falsely informs County employees that they may be eligible to join this lawsuit if they worked for the County at any time since July 18, 2013. This, however, is entirely incorrect. The statute of limitations is not tolled from the filing of the Complaint, and claims that are more than three years old are, therefore, time barred.

After discussing the issue with Plaintiffs' counsel, on November 17, 2017, Defendants filed a motion to amend/correct the proposed collective action notice submitted by Plaintiffs. A hearing with respect to this issue has been set before Your Honor for December 18, 2017 at 11:30 am. Nevertheless, Plaintiffs' counsel is operating as though a decision in his favor has already been rendered by the Court.

Although a decision has not yet been issued by the Court, Plaintiffs have been distributing the unauthorized notice. This is evidenced by the nearly two hundred consent forms that have been filed to date, in which each of the signatory attests that he or she has "read the attached Notice of Collective Action." It bears emphasizing that that Notice of Collective Action has not been approved by the Court, is the subject of a pending motion, and contains false information.

Honorable Steven I. Locke
December 6, 2017
Page 2


Therefore, it is respectfully requested that the Court strike the Opt-In Consent Forms and Order Plaintiffs to cease and desist the distribution of an unauthorized notice to potential collective action members.

Thank you for your consideration of this matter.

Respectfully yours,

Deanna D. Panico

# EXHIBIT E



*LAW OFFICES OF*
## LOUIS D. STOBER, JR., L.L.C.

*98 FRONT STREET*
*MINEOLA, NEW YORK 11501*

*LOUIS D. STOBER, JR*

---

*ALYSSA F. BOMZE†*
*SHOGIK S. OGANISYAN*
*ANTHONY P. GIUSTINO‡*
*MARC J. IALENTI‡*

---

*‡ OF COUNSEL*
*†ADMITTED IN NY & NJ*

*WEBSITE: WWW.STOBERLAW.COM*
*TEL: (516) 742-6546*
*FAX: (516) 742-8603\**
*\* NOT FOR SERVICE OF PROCESS*

December 6, 2017

**VIA ECF ONLY**
Honorable Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

**Re:   Arciello et al v. County of Nassau et al, EDNY Docket No.:  16 cv 3974 (ADS)(SIL)**

Dear Judge Locke:

I am responding to Ms. Panico's letter seeking to strike the opt in forms that have been submitted.   I believe said letter should be disregarded in every respect as it is just the County's latest attempt to delay payment of monies owed to the collective group.  As Ms. Panico states the statute of limitations does not, according to her letter, toll during this period.  In other words, every day that goes by, another day drops off the back end of this litigation for the member.  As such, the County is doing everything in its power to drop time off the back end. They already convinced this Court to give them until January 31, 2018 to provide us with a list of collective members.  By giving the County that extra time, the County will argue that drops another month off the look




LAW OFFICES OF
LOUIS D. STOBER, JR. L.L.C.

back period.  Obviously, we will be arguing that the statute of limitations should be tolled for this delay caused by the County.

The County's instant motion is yet another frivolous attempt to do the same.  Factually, the County's letter is incorrect.  This Court, by Memorandum and Order dated October 30, 2017, Docket #34, approved the Notice that the Plaintiffs provided in the motion for Collective Action with the caveat of a couple changes that needed to be made: "The Court has reviewed the Proposed Notice in its entirety and, save the issues described above, **approves of its contents**." (emphasis added, taken from page 19 of the Order).

The ONLY changes that this Court wanted was: "First, the notice should explain that this case  -  and any party's participation in it – is a matter of public record, as such an explanation is informative and Plaintiffs have not offered a specific objection to Defendants' request in this regard. *See* Def.'s Mem. At 7.   Second, the notice should include revised language reflecting a three-year instead of a six year, notice period." (Order page 17).  Those were the ONLY two changes ordered to be made and the amended Notice that I filed with the Court reflected both of those changes.   At the Conference held on November 13, 2017, your Honor accepted those changes and approved my notice.  It was only after the 13th that counsel for Defendants made the frivolous request to change the back date of the notice.  As we stated in our response, (Docket No. 40), the relevant response we gave is:

"While it is true that the filing of the complaint does not toll the statute of limitations for collective action members who have not yet opted into an action, as it would for putative class members in a class action, the collective action notice is not designed to be a mechanism for excluding time-barred individuals. Instead, the notice requirement in a collective action is designed to serve a remedial purpose, namely, that employees receive timely and accurate notice regarding the pendency of a collective action so that they may decide whether to participate. *See* Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 371 (S.D.N.Y. 2007). As a result, and in order to ensure that employees who would otherwise have timely claims in a collective action are not improperly excluded, "specific challenges to the timeliness of the claims of certain 'opt-in' plaintiffs. . . can be addressed after the completion of discovery during the second phase of the collective action certification process." Rosario v. Valentine Ave. Disc. Store, Co., 828 F. Supp. 2d 508, 519 (E.D.N.Y. 2011) (quoting Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007). Furthermore, allowing the Plaintiffs to send opt-in notices to a larger group of employees than might otherwise have a timely claim under the FLSA is especially warranted where the Plaintiffs allege that a number of the prospective plaintiffs may have their statute of limitations extended through equitable tolling. Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011).



LAW OFFICES OF
LOUIS D. STOBER, JR. L.L.C.

In the present action, the Defendants seek to limit the temporal scope of the notice, claiming that, at the earliest, collective action notices will not be distributed until February 1, 2018, and that therefore, any employee whose employment ended before February 1, 2015 should be excluded. First, while the Defendants have been given until February 1, 2018 to provide a listing of the potential collective action members, it does not follow that all potential collective action members will be forced to wait until February 1, 2018 to receive the opt-in notification. Not only can the Plaintiffs begin sending the notice to known potential collective action members upon this Court's approval of the notice, but this Court's own order has permitted the Plaintiffs to publish notice of the collective action in the CSEA Express. Therefore, it highly probable that a number of the potential members will execute their notice to join the action before February 1, 2015. Thus, the temporal limitation espoused by the Defendants could easily exclude individuals who would otherwise qualify to join the collective action.

Similarly, the Defendants' temporal limitations do not account for the fact that many of the prospective members' statute of limitations may be equitably tolled as a result of the Defendants' actions. While it is impossible to say with specificity how many potential class members would potentially have claims for equitable tolling and how long the limitations period would toll until discovery has completed, Plaintiffs believe that the Defendants have already engaged in activity that would warrant equitable tolling by the Court. In the present action, the Defendants have asked and already been granted a thirty day extension of time to provide the names, addresses and telephone numbers of all non-exempt County employees, forcing the Plaintiffs to wait nearly three and a half months to send notices to all of the Defendants' non-exempt employees. The Defendants should not then be allowed to assert that employees who would have otherwise had timely claims under the FLSA be barred from participation in the collective action when their need for an extension to gather the requested information prevented the potential collective action member from receiving timely notice.

More importantly however, the temporal limitations requested by the Defendants would directly conflict with the Memorandum and Order promulgated by this Court on October 30, 2017. In the Order, this Court specifically demanded that the Defendants "provide [the names, addresses, and telephone numbers] for potential collective action members employed by the County during the three-year period prior to the commencement of this action, consistent with the applicable FLSA statute of limitations." (Mem. & Order, at 22). Indeed, this Court has already recognized in its Memorandum and Order that for the purpose of notice of the collective action, the appropriate temporal scope is to notify all persons employed by the County three years prior to the commencement of the lawsuit. It is unclear how the argument could be made that the Plaintiffs' notice should be limited in temporal scope when the notice mirrors the time limit articulated by the Court with respect to the dissemination of employee information. Further, this Court's decision is not an outlier, as several courts within this Circuit have set forth identical temporal limitations with respect to collective action notices. See Guzelgurgenli v. Prime Time Specials Inc., 883 F. Supp. 2d 340, 357 (E.D.N.Y. 2012) (holding that in light of potential equitable tolling issues and in an abundance of caution, notice of the collective action should be sent


LAW OFFICES OF
LOUIS D. STOBER, JR. L.L.C.

to all employees who worked for the defendants within three years of the filing of the complaint); Whitehorn, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) (allowing notice of the collective action to be sent to all employees who worked for the defendant within three years of the filing of the complaint, with the understanding that any challenges regarding the timeliness of any opt-in plaintiff's claims could be entertained upon completion of discovery); see also; Flood v. Just Energy Mktg. Corp., No. 15 CIV. 2012 (AT), 2016 WL 354078, at *4 (S.D.N.Y. Jan. 25, 2016) (holding that notice of collective action should be sent to all employees who worked for defendant within three years prior to the commencement of the lawsuit). "

Consistent with the principles enunciated above and in order to prevent further harm to the collective members' statute of limitations, the opt in forms already filed should be accepted as the notice is in full conformance with the form that was approved by the Court back on October 30, 2017 and the conference on November 13, 2017. As the case law apply provides, at step 2 of the collective process the parties can determine who is covered and for what period, the opt in form is merely remedial, that is, to have the members opt in. In this case there may very well be over eighteen thousand members opting in. Opt in forms should not be held up by dilatory tactics of the County in its desperate attempt to cut off back monies by attempting to delay the date of opt ins.

The bottom line is that the County cannot point to a single aspect of the Opt in forms that has not already been approved by this Court. Every aspect that was to be put in the Notice as enunciated by the Court has been done, this Court has reviewed and approved the notice and form at the conference on November 13, 2017 and furthermore, equity and judicial economy (in addition to maximizing recovery for the members) is served by accepting the already filed opt in forms.

Thanking you in advance for your courtesies and cooperation.

Should you have any questions, please feel free to contact the undersigned.

Very truly yours,
Louis D. Stober, Jr.

LOUIS D. STOBER, JR. (LS-9318)

LDS:st
Cc:   Deanna D. Panico, Esq. via ECF only