

*LAW OFFICES OF*
# LOUIS D. STOBER, JR., L.L.C.

*98 FRONT STREET*
*MINEOLA, NEW YORK 11501*

*LOUIS D. STOBER, JR*

―――――――

*ALYSSA F. BOMZE†*
*ANTHONY P. GIUSTINO‡*

―――――――

*‡ OF COUNSEL*
*†ADMITTED IN NY & NJ*

*WEBSITE: WWW.STOBERLAW.COM*
*TEL: (516) 742-6546*
*FAX: (516) 742-8603\**
*\* NOT FOR SERVICE OF PROCESS*

April 12, 2018

Honorable Steven I. Locke
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: **Arciello, et al. v. County of Nassau, et al. Docket No.: 16-cv-3974 (ADS)(SIL)**

Dear Judge Locke:

As will be discussed further below, the Plaintiffs make this letter motion to compel pursuant to Federal Rules of Civil Procedure 37. After repeated attempts to avoid further intervention by the Court, and in light of the new developments learned by the Plaintiffs on or about March 29, 2018 with respect to the list of non-exempt employees provided by the Defendants, the Plaintiffs have been left with no other recourse than to notify this Court of the deficiencies and seek sanctions for the Defendants' repeated and continued refusal to abide by this Court's discovery orders. Of relevance to this motion, at the conference before this Court on February 13, 2018, the Defendants' counsel had assured this Court that the list of non-exempt retirees who were eligible to join this action would be provided by February 16, 2018. [DE 148]. However, the list of retirees was not provided until March 27, 2018, over a month after the promised date and opportunely coinciding with the Defendants' letter in opposition to the Plaintiffs' tolling motion. In the Plaintiffs' tolling motion, it was assumed that once the list of retirees had been obtained, that the Plaintiffs' would be in possession of the entire list of non-exempt employees who had worked for the Defendants from three years prior to the commencement of litigation to present, as mandated in Your Honor's October 30, 2017 order. Arciello v. Cty. of Nassau, No. 16CV3974ADSSIL, 2017 WL 4998074, at *9 (E.D.N.Y. Oct. 30, 2017).





LAW OFFICES OF
LOUIS D. STOBER, JR. L.L.C.

However, upon reviewing the retiree list provided by the Defendants, the Plaintiffs began to notice that there were individuals who had submitted opt-in forms and were known to be eligible to join the action that were not included in the Defendants' list. The Plaintiffs then also began to review the list of current employees and found that there were current employees who had opted-in to the action but were excluded from the Defendants' list. As a result, on March 29, 2018, the Plaintiffs sent the Defendants a non-exhaustive list of individuals who were wrongly excluded from the Defendants' list, demanding that the Defendants' rectify the deficiency by submitting a complete alphabetical list of every non-exempt County employee. (The March 29th letter is annexed hereto as "Exhibit A"). In response, while the Defendant admitted that a few of the individuals identified were wrongfully excluded and promised to review the list to ensure no "inactive" employees or "positive pay status" employees were excluded, the Defendants largely rejected our arguments that their lists were deficient, claiming that a majority of the employees were either excluded because they were exempt under the FLSA, or because they had not worked for the Defendants within the past three years. (The Defendants' April 6th response letter is annexed hereto as "Exhibit B"). As the Plaintiffs did in their reply letter on April 12, 2018 (which is annexed hereto as "Exhibit C"), the Plaintiffs will address each of their contentions in turn and show that the list provided by the Defendants is deficient. First, the Defendants argued that several of the individuals were excluded because this Court only required the production of a complete list of all non-exempt employees. (Exhibit B). However, despite the Defendants' contention, the Plaintiffs are aware that at least two of the individuals identified as being exempt from the provisions of the FLSA do, in fact, qualify for its protections. Both Richard Kramer (Civil Engineer II) and Kenneth Hamel (Kitchen Cook Supervisor) are both frequently paid overtime compensation by the County, and additionally, Richard Kramer is currently involved litigation against the County regarding an improper failure to promote with damages including payment for the difference between the rate paid for his overtime versus what he would be paid if promoted, demonstrating his eligibility under the FLSA. Here, it is important to remember that the Defendants must ultimately shoulder the burden of proving that one of their employees is exempt under the FLSA. Young v. Cooper Cameron Corp., 586 F.3d 201, 204 (2d Cir. 2009). Yet the Defendants now seek to upend their legal burden by simply excluding from the list any employee that they deem to be exempt under the FLSA, forcing the Plaintiffs to come forward with affirmative evidence that an individual first filed an opt-in, and then was wrongfully excluded from the list. Indeed, without knowing who the County deems to be exempt, how many employees are deemed to be exempt, or what the basis is of the claimed exception, the Plaintiffs will have no way of knowing how many eligible employees were excluded. The fact remains that this Court mandated that the Defendants produce a list of all non-exempt employees and clearly the list has excluded individuals covered under the FLSA. While a list including some exempt employees could potentially be over-inclusive, at this stage, it should not be within the power of the Defendants to unilaterally exclude employees without even giving the Plaintiffs a chance to show that the employees are covered by the FLSA or the Court a chance to review the Defendants' conclusions.

Additionally, the Defendants have argued that several other individuals were excluded from the County's list because they did not work for the County within the past three years, stating that because the Plaintiffs "insisted on including an incorrect statute of limitations within



LAW OFFICES OF
**LOUIS D. STOBER, JR. L.L.C.**

the notice distributed to the[] employees," a number of individuals who returned consent forms were excluded because they did not work for the County within the past three years. Yet such an argument is baffling to the Plaintiffs considering the clarity of Your Honor's October 30, 2017 stating:

> Counsel for Defendants shall therefore provide the names, addresses, and telephone numbers of potential opt-in members in electronic format to counsel for Plaintiffs. . . however, Defendants need only provide such information for potential collective action members employed by the County *during the three-year period prior to the commencement of this action*, consistent with the applicable FLSA statute of limitations.

Not only did the October 30, 2017 order unequivocally require the Defendants to provide a list of all non-exempt employees who had worked for the Defendants from three years prior to the commencement of litigation but this issue was again decided on December 18, 2017 when Your Honor rejected the exact same argument with respect to the Defendants' attempts to amend the collective action notice. Indeed, the Plaintiffs believed that it was understood that while the original notice and list of employees might include individuals with time barred claims, any challenges regarding the statute of limitations would be decided at the second stage of certification to ensure no eligible claimants were excluded.

Instead, the Defendants have continued to disregard this Court's two prior orders by insisting that they only needs to supply information for the employees who have worked for them from three years prior to the sending out of the list. Indeed, if the Plaintiffs' motion to toll the statute of limitations is granted, the Defendants' list could exclude hundreds to thousands of potential claimants. The Defendants have no right to simply ignore the orders of this Court and to make the unilateral pronouncement that a potential member be excluded, absent at least some justification that may be reviewed. It has now been over five months since this Court granted the Plaintiffs' motion to proceed as a collective action and over two months since the Defendants were required to produce the required list. To date, not only have the Defendants failed to deliver the required list, but have been completely obstinate in their refusal to abide by this Court's orders in favor of their own whims and desires. We have continuously attempted to work with counsel to remedy the deficiencies, yet have been met with dogged resistance at each turn. The fact that we are once again forced to litigate the temporal scope of notice to potential opt-in members, despite two clear orders from this Court on the subject shows that our efforts have been in vain. Therefore, as a result, the Plaintiffs ask that their motion to compel be granted, that the statute of limitations be tolled until the receipt of a complete list of non-exempt employees as contemplated within this Court's orders and that sanctions be imposed upon the Defendants, including but not limited to the attorneys fees and costs of this motion, along with all other relief deemed just and proper.

Very truly yours,

*Louis D. Stober, Jr.*
Louis D. Stober, Jr., Esq.

EXHIBIT A



LAW OFFICES OF
## LOUIS D. STOBER, JR., L.L.C.

*98 FRONT STREET*
*MINEOLA, NEW YORK 11501*

LOUIS D. STOBER, JR

ALYSSA F. BOMZE†
SHOGIK S. OGANISYAN‡
ANTHONY P. GIUSTINO‡
MARC J. IALENTI‡

⁂ OF COUNSEL
†ADMITTED IN NY & NJ

WEBSITE: WWW.STOBERLAW.COM
TEL: (516) 742-6546
FAX: (516) 742-8603⁂
⁂ NOT FOR SERVICE OF PROCESS

March 29, 2018

**VIA E-mail and Regular Mail**
**Deanna D. Panico, Esq.**
**BEE READY FISHBEIN HATTER & DONOVAN, LLP**
**170 Old Country Rd Suite #200**
**Mineola, NY 11501**
**DPanico@Beereadylaw.com**

Re:   Arciello et al v. County of Nassau et al
      2:16-cv-03974(ADS)(SIL)

Ms. Panico,

After going through our electronically filed opt-in forms filed on or before

December 20, 2017 and comparing those employees to the employees provided in the

thirty-six excel spreadsheets that were provide, we have found a substantial number of

employees who have submitted opt-in forms but are not included in the lists that you have

sent us. As we have and are currently using the lists to send notice of the opportunity to

opt-in to the employees, it is critical that the lists contain all of the employees who were

employed as a non-exempt employee with the County of Nassau from July 18, 2013 to




LAW OFFICES OF
**LOUIS D. STOBER, JR. L.L.C.**

present. The subsequent names are the employees, and the department listed on their opt-in

form, who we have opt-in forms from but are not listed on the excel spreadsheets that you

provided to us on February 2, 2018 and March 27, 2018:

| | |
|---|---|
| Joseph Amergio – DPW | Estate of Arlene Maresco – Police |
| Bradford Dickson – DPW | Elizabeth Bella – Police |
| John J. Dihauro Jr. – DPW | Ann La Barbera – Treasurer's Office |
| Richard Kramer – DPW | Valiant Yeung – DPW |
| Robert M. LaBaur – DPW | Vanessa Williams – Social Services |
| Carmelo Mazza – DPW | Fred Schwab – DPW |
| John C. O'Dougherty – DPW | Tawanna Turner – Social Services |
| Joseph J. Rienzie – DPW | Mary Jane Deperino – Social Services |
| Scott Urban – DPW | Renee M. Skipper – Social Services |
| Thomas Delaney – DPW | Mary Cregan – Social Services |
| John P. Imbriale – OEM | Theresa McGuinness – Social Services |
| Peter J. Vita – OEM | Lynda Krystopher – Police |
| Robert Marolda – DPW | Natalie Roberts – Police |
| Marion Robinson – Police | Jacqueline Walton – Police |
| Sandra Cangero – Police | Anthony Marino – DPW |
| Douglas Landsman – Probation | Kenneth Smith – DPW |
| Samantha Pastori – Probation | Amanda Staib – DPW |
| Jennifer Albertson – Probation | Rick Staib – DPW |
| Juliet Cappelletti – Probation | Timothy P. Placilla – Fire Commission |
| Dominick J. Dimaggio Jr. – Probation | John J. Asheld – Police |
| Ann Furey – Police | Cynthia M. Fredricks – Police |
| Sunita Manjrekar – DSS | Lea Perrakis – Police |
| Jane Spencer – Police | Kenneth Arnold – DPW |
| Kenneth Hamel – Sheriff | Brian J. Schneider – DPW |
| Allison Thomas – Sheriff | Gary Gordon – Sherriff |
| Jane A. Gonzalez – Police | Erick Bautista – Information Technology |

Due to the large number of employees not listed only through those opt-ins filed on

or before December 20, 2017, we believe that the lists that you have provided are deficient

and are unreliable to use as a complete list of all employees who should have the

opportunity to opt-in to this lawsuit. We are under the opinion that the lists that you have

provided are not in compliance with Judge Locke's order from November 13, 2017. You

were supposed to provide this firm with a complete list of all non-exempt employees of the



LAW OFFICES OF
LOUIS D. STOBER, JR. L.L.C.

County of Nassau from July 18, 2013 to present by January 31, 2018. You have yet to

comply with Judge Locke's order. Therefore, we ask that you send an alphabetical list of

all employees in the County of Nassau without any filters applied to the lists. We ask for a

complete list of all employees who have worked as non-exempt employees from July 18,

2013 until present. Please include in that list, all employees who are currently employed

for the County of Nassau and those retired employees who are not currently working for

the County of Nassau but have worked at some point on or after July 18, 2013. If a

complete list is too large to mail over, we request that you send the list to this firm on a CD

or USB drive. We request that you send the complete list over as soon as possible as per

Judge Locke's order, you were supposed to send the complete list over by January 31,

2018.

   We hope that we can resolve our concerns without having to seek the Court's

intervention.

Very truly yours,

Louis D. Stober, Jr., Esq.

EXHIBIT B

PETER A. BEE*
RICHARD P. READY
PETER M. FISHBEIN
JAMES R. HATTER
THOMAS J. DONOVAN †
KENNETH A. GRAY
DONALD J. FARINACCI
WILLIAM C. DeWITT
MICHAEL P. SIRAVO

OF COUNSEL

EDWARD P. RA
ROBERT G. LIPP †
ROBERT R. McMILLAN *(Retired)*

*  ALSO ADMITTED IN FL
** ALSO ADMITTED IN NJ
†  DECEASED

**BEE READY FISHBEIN HATTER & DONOVAN, LLP**

# BRFH&D

## ATTORNEYS-AT-LAW

SENIOR ASSOCIATE

ANGELO M. BIANCO

ASSOCIATES

†  BRIAN A. SUPER
** STEPHEN L. MARTIR
DEANNA D. PANICO
ANDREW K. PRESTON
PETER OLIVERI, JR.
AMOS BRUNSON, JR.

MAILING/SERVICE ADDRESS

NASSAU COUNTY OFFICE

April 6, 2018

Louis D. Stober, Jr., Esq.
Law Offices of Louis D. Stober, Jr., LLC
98 Front Street
Mineola, New York 11501

Re:   *Arciello, et al. v. County of Nassau, et al.*
      E.D.N.Y. 16-CV-3974 (ADS)(SIL)

Dear Mr. Stober:

I am writing in response to your letter, dated March 29, 2018, in which you allege that the employee lists produced by the County are deficient. I have reviewed the list of employees set forth in your March 29th letter. As you are aware, the County was only required to produce a list of all *non-exempt* employees. Many of the employees you listed are exempt within the meaning of the FLSA. Furthermore, as you may recall, you insisted on including an incorrect statute of limitations within the notice distributed to these employees. As a result of your decision to do so, many of the individuals that returned consent forms to you were not included on the County's list as they have not worked for the County within the past three years. As I anticipated and explained to you, now we have the additional, unnecessary burden of reviewing the opt-ins and culling out these individuals with time barred claims. Lastly, several of the individuals you listed could not be located as employees within the Nassau County payroll system. As to these individuals, we suspect that a spelling or typographical error may have occurred by either your office or the individual opt-in.

Below, I have set forth an explanation as to why each of the employees you listed was not produced.

1.      The following employees are exempt within the meaning of the FLSA:

| | | |
|---|---|---|
| Joseph Amergio | Carmelo Mazza | Thomas Delaney |
| Bradford Dickson | John O'Dougherty | Valiant Yeung |
| Richard Kramer | Scott Urban | Anthony Marino |

| | | |
|---|---|---|
| Kenneth Arnold | Cynthia Fredericks | Theresa McGuinness |
| Brian Schneider | Lea Perrakis | Kenneth Hamel |
| Peter Vita | Douglas Landsman | Allison Thomas |
| Jane Gonzalez | Dominick Dimaggio | Timothy Placilla |
| Elizabeth Bello | Sunita Manjrekar | Erick Bautista |
| John Asheld | Tawanna Turner | |

2.      The following individuals have not worked for the County within the past three years:

| | | |
|---|---|---|
| Joseph K. Rienzie | Arlene Maresco | Lynda Krystopher |
| Marion Robinson | Vanessa Williams | Natalie Roberts |
| Ann Furey | Fred Schwab | Jacqueline Walton |
| Jane Spencer | Mary Jane Deperino | Gary Gordon |

3.      The following individuals are not in the County's payroll system:

John J. Dihauro Jr.
Robert M. LaBaur
Sandra Cangero
Amanda Staib

4.      The following individuals were not produced as they were inactive employees.  I will speak to my client to make sure that all "inactive" employees (i.e., those employees out on leave) are produced.

Robert Marolda
Samantha Pastori
Juliet Cappelletti
Kenneth Smith

5.      The following individuals were not produced as they were out on positive pay status.  I will speak to my client to make sure that all employees in positive pay status are produced.

Renee Skipper
Mary Cregan

Lastly, you listed Rick Staib.  Mr. Staib was produced within the retiree list.

I hope this letter clarifies for you the issues raised in your March 29th letter.  As noted, I will speak to my client regarding employees who are inactive due to their leave status, as well as employees out on positive pay status.  If any additional employee names must be produced, we will do so promptly.

Best regards,

Deanna D. Panico

EXHIBIT C



*LAW OFFICES OF*
# LOUIS D. STOBER, Jr., L.L.C.

*98 FRONT STREET*
*MINEOLA, NEW YORK 11501*

*LOUIS D. STOBER, JR*

*ALYSSA F. BOMZE†*
*ANTHONY P. GIUSTINO‡*

*‡ OF COUNSEL*
*†ADMITTED IN NY & NJ*

*WEBSITE: WWW.STOBERLAW.COM*
*TEL: (516) 742-6546*
*FAX: (516) 742-8603\**
*\* NOT FOR SERVICE OF PROCESS*

April 12, 2018

**VIA REGULAR MAIL AND EMAIL**
Deanna Panico, Esq.
Bee Ready Fishbein Hatter & Donovan, LLP
170 Old Country Road, Suite 200
Mineola, New York 11501

Re:     <u>Arciello et al. v. County of Nassau et al. Index No.: 16-CV-3974 (ADS)(SIL)</u>

Dear Ms. Panico:

Please allow this letter to serve as a response to your April 6, 2018 letter regarding the deficiencies in the lists provided to us by the Defendants. In response to the deficiencies, while admitting and seeking to have produced the inactive employees and those on positive pay status that have not yet been provided within the lists, you have also raised two contentions as to why you believe that the lists are not deficient and why several of the individuals we identified as being wrongfully excluded were justifiably left off of the list.

First, the Defendants claim that a number of individuals who were left off of the list were rightfully excluded because the Defendants were only required to provide a list of non-exempt employees under the FLSA. However, this office is aware that at least two of the individuals identified are covered under the FLSA and are actually compensated for overtime hours by the County. Richard Kramer (Civil Engineer II) and Kenneth Hamel (Kitchen Cook Supervisor) are both employees who are covered by the provisions of the FLSA, evidenced by the fact that they consistently are paid overtime by the County. In fact, Richard Kramer currently has pending litigation against the County for not being promoted in violation of the CBA and part of the damages is payment for the difference in



overtime rate between what he received and what he would have received had he been promoted. This disproves any contention that he is an exempt employee. The law is clear that under the FLSA, the burden is on the employer to prove that an employee is subject to an exemption under the FLSA. It is also equally clear that the claimed list of exempt employees includes individuals who are non-exempt employees under the FLSA, thus excluding potential opt-in members from joining this action and/or potentially causing members who have opted-in to the action to be removed at the second step certification when their name is not found on the list. Worse still, the Plaintiffs have received no information as to who is being excluded from the list on the basis of a claimed exception, how many individuals are being excluded on the basis of a claimed exception, or even what the basis of the claimed exception even is for each of the individuals excluded. Therefore, the lists you have provided are deficient in that it has excluded individuals who are non-exempt employees of the County. In order to rectify this defect and ensure that no other non-exempt employees are wrongfully excluded, we request that the Plaintiffs receive a listing of the individuals that the County claims are exempt from the provisions of the FLSA along with the basis of the County's claim exception.

Additionally, the Defendants claim that several other individuals were excluded from the County's list because they did not work for the County within the past three years, stating that because we "insisted on including an incorrect statute of limitations within the notice distributed to the[] employees," a number of individuals who returned consent forms were excluded because they did not work for the County within the past three years. Such an attempt to justify the deficiencies of the Defendants' list on this basis, or claim that the Plaintiffs' notice is somehow "incorrect" is simply unfathomable considering the history of this case. Judge Locke's October 30, 2017 order could not be clearer in that it unequivocally states:

> Counsel for Defendants shall therefore provide the names, addresses, and telephone numbers of potential opt-in members in electronic format to counsel for Plaintiffs. For the reasons stated above, however, Defendants need only provide such information for potential collective action members employed by the County *during the three-year period prior to the commencement of this action*, consistent with the applicable FLSA statute of limitations.

Not only did the October 30, 2017 order unambiguously require the Defendants to provide a list of all non-exempt employees who had worked for the Defendants from three years prior to the commencement of litigation on July 18, 2016 to the present, but this issue was again decided on December 18, 2017 when Judge Locke rejected the County's motion to amend the collective action notices and to strike the opt-in forms already filed, rejecting the exact same argument raised by the Defendants herein. While the Defendants tried to argue that the notices as written could potentially result in the inclusion of individuals with time barred claims, it was understood that any issues regarding the statute of limitations would be dealt with at the second stage of certification, and at that point, any individuals with time barred claims would be removed.

LAW OFFICES OF
LOUIS D. STOBER, JR. L.L.C.

Instead, the Defendants have simply taken it upon themselves to completely ignore Magistrate Judge Locke's orders and provide a list that does not include all employees who have worked for the County since three years prior to the commencement of the action. The whole purpose of Judge Locke's orders was to ensure that individuals with valid and timely claims against the Defendants were not mistakenly excluded, thus opting for over-inclusiveness above under-inclusiveness at this stage in the litigation. Indeed, in light of the Plaintiffs' motion to toll the statute of limitations, the list potentially excludes hundreds of individuals with timely claims against the County. The Defendants have no right to take it upon themselves to disregard Judge Locke's orders and make the unilateral pronouncement that an employee's claims were time barred, nor did they have a right to declare that an employee was exempted under the FLSA, absent at least some justification for their conclusion.

It has now been over five months since Judge Locke granted the Plaintiffs' motion to proceed as a collective action and over two months since the Defendants were required to produce the list of all non-exempt employees of the County who had worked for the County since July 18, 2013. To date, not only have the Defendants failed to produce the required list, they have shown a complete and persistent unwillingness to abide by Judge Locke's orders. We have continuously attempted to work with counsel to remedy the defects and deficiencies in the Defendants' production of information without resort to Court intervention, yet have been met with resistance each time. As a result, we see no other option but to inform Judge Locke of these deficiencies and seek any and all available remedies for the Defendants' continued non-compliance, including the imposition of sanctions.

Should you have any questions regarding this matter, please feel free to contact the undersigned.

Very truly yours,

Louis D. Stober, Jr., Esq.