

LAW OFFICES OF
**LOUIS D. STOBER, JR., L.L.C.**

98 FRONT STREET
MINEOLA, NEW YORK 11501

LOUIS D. STOBER, JR
———————
ALYSSA F. BOMZE†
ANTHONY P. GIUSTINO‡
———————
‡ OF COUNSEL
†ADMITTED IN NY & NJ

WEBSITE: WWW.STOBERLAW.COM
TEL: (516) 742-6546
FAX: (516) 742-8603*
* NOT FOR SERVICE OF PROCESS

November 7, 2018

Honorable Arthur D. Spatt, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   **Arciello et al. v. County of Nassau, et al. Docket No.: 16-cv-3974 (ADS)(SIL)**

Dear Judge Spatt:

Please allow this letter to serve as a Motion to Strike to the Answer to the Consolidated Complaint filed by the Defendants on November 6, 2018 in its entirety [DE 228], or in the alternative, as a Motion to Strike a number of newly raised affirmative defenses that are appearing for the first time within the Defendants' Answer to the Consolidated Complaint that were not raised and have not been raised previously within the Defendants' Answer to the Arciello complaint. Because their efforts appear to be nothing more than an attempt to circumvent the arguments raised by the Plaintiffs in their opposition to the cross-motion to dismiss, these newly raised affirmative defenses, and indeed the entire answer should be stricken.

Pursuant to Your Honor's Order on October 9, 2018, the Arciello and Burns cases were consolidated. [DE 213]. Within the Order, this Court mandated that the Arciello and Burns Plaintiffs file a consolidated complaint incorporating the claims from each action into a single complaint. However, this Court expressly warned that the Plaintiffs were prohibited from attempting to assert new allegations against the Defendants, and that as a result, the Defendants need not provide an answer to the new consolidated complaint. [DE 213]. On October 23, 2018, the Plaintiffs filed a Consolidated Complaint, which, in accordance with this Court's Order, asserted no new allegations. Indeed, to date the Defendants have not alleged that the Consolidated Complaint contains any new allegations against them.




**LAW OFFICES OF**
**LOUIS D. STOBER, JR. L.L.C.**

On October 30, 2018, the Defendants filed their response to the Plaintiffs' Motion for Class Certification, and in addition, also filed a Cross-Motion to Dismiss the Arciello Plaintiffs' New York Labor Law ("NYLL") Claims, raising for the first time in two plus years of litigation that they are exempt from the provisions of the NYLL. In their response on November 6, 2018, the Plaintiffs pointed to clear precedent requiring the Defendants to assert their claimed exemptions as an affirmative defense within their initial pleadings (which the Defendants failed to do herein). The Plaintiffs then further argued that due to the unexplained, inordinate delay in the Defendants' failure to raise their claimed exemptions prior to making their cross-motion to dismiss, despite the numerous opportunities both before this Court and the New York State Supreme Court to do so, they should not now be allowed to amend their original answer to include the exemptions that should have been raised at the filing of their initial answer.

Perhaps in recognition of the validity of the Plaintiffs' arguments, a few hours after the filing of the response on November 6, 2018, the Defendants filed an answer to the Consolidated Complaint, which now asserts approximately sixteen additional affirmative defenses than were previously raised in their original answer to the Arciello complaint. Particularly, Affirmative Defenses 5, 6, 7, 13, 18, 22, 24, 26, 30, 31, 32, 33, 34, 35, 36 and 37 all appear to be defenses that were not previously raised in response to the Arciello complaint. The new additions of Affirmative Defenses 30 through 33, as well as 36 and 37 are particularly noteworthy, as they all pertain to the Defendants' claim that they are exempt from the provisions of the NYLL, an argument which was only first raised in their October 30, 2018 cross-motion to dismiss.

As discussed previously, Your Honor's October 9, 2018 Order, while mandating the filing of a consolidated complaint, expressly prohibited the raising of new allegations against the Defendants. In light of this prohibition, Your Honor specifically stated that an answer to the Consolidated Complaint need not be filed. It is entirely against the spirit of this Court's order for the Defendants to seek to use the filing of the Consolidated Complaint, which as mandated by this Court, contains no new allegations against the Defendants, as a way to bootstrap into the case approximately sixteen affirmative defenses to be used against the Arciello Plaintiffs, none of which were raised within the Defendants' answer to the Arciello complaint. If the Plaintiffs were not entitled, in their Consolidated Complaint, to file new allegations against the Defendants, then clearly the Defendants were not entitled to file an answer asserting sixteen new defenses that were neither raised within their prior answer nor asserted at any time prior to the filing of the cross-motion to dismiss.

Indeed, the filing of their purported Answer to the Consolidated Complaint appears to be nothing more than a devious attempt to circumvent the requirements set forth by Federal Rules 8(c), 15 and 16 by sneaking into the case a host of new affirmative defenses that the Defendants are only now seeking to raise after the passage of two plus years of litigation. We ask that this Court recognize the Defendants' blatant attempt to use their Answer to the Consolidated Complaint as a way to add additional affirmative defenses to their initial proceedings without Court scrutiny, and ask that the Court strikes the Defendants' answer in its entirety, or at the very least, strikes all of the affirmative defenses that the Defendants have sought to raise for the first time in their purported answer to the Consolidated Complaint. In the event the Defendants wish to raise the affirmative defenses that have, prior to their cross-motion to dismiss, not been raised



LAW OFFICES OF
**LOUIS D. STOBER, JR. L.L.C.**

or pleaded after over two years of litigation, they should be forced to justify an entitlement to do so subject to this Court's scrutiny, not by filing an answer which serves no other purpose than to act as a vehicle to bootstrap additional affirmative defenses to the case.

      We thank you for your time and consideration with respect to this matter. Should you have any further questions, please feel free to contact the undersigned.

      Very truly yours,

*Louis D. Stober, Jr.*
Louis D. Stober, Jr., Esq. (LS-9318)