PETER A. BEE*
RICHARD P. READY
PETER M. FISHBEIN
JAMES R. HATTER
THOMAS J. DONOVAN †
KENNETH A. GRAY
DONALD J. FARINACCI
WILLIAM C. DeWITT
MICHAEL P. SIRAVO

OF COUNSEL

EDWARD P. RA
ROBERT G. LIPP †
ROBERT R. McMILLAN *(Retired)*

* ALSO ADMITTED IN FL
** ALSO ADMITTED IN NJ
*** ALSO ADMITTED IN DC
† DECEASED

# BEE READY FISHBEIN HATTER & DONOVAN, LLP

# BRFH&D

ATTORNEYS-AT-LAW

SENIOR ASSOCIATE

**STEPHEN L. MARTIR
**ANDREW K. PRESTON

ASSOCIATES

† BRIAN A. SUPER
DEANNA D. PANICO
PETER OLIVERI, JR.
AMOS BRUNSON, JR.
***DARNELL J. MORROW
RHODA Y. ANDORS
JASON S. GREENFIELD

MAILING/SERVICE ADDRESS

NASSAU COUNTY OFFICE

September 5, 2019

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 06 2019 ★

LONG ISLAND OFFICE

Hon. Arthur D. Spatt,
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-9014

Re: *Arciello et al. v. Nassau County et al.*;
*Burns et al. v. Nassau County et al.*
No. 2:16-cv-03974 (ADS)(SIL)

Dear Judge Spatt,

This law firm represents the *Arciello* Defendants (collectively "the County") in the above-referenced action.

In this letter, we respond to the *Arciello* Plaintiffs' letter of September 3, 2019, DE [275], which requested removing from the docket the County's Reply, filed on August 30, 2019, DE [274], in reply to the Plaintiffs' Opposition, DE [273], to the County's Objections, [DE 272], to Magistrate Locke's Report and Recommendation of July 16, 2019, [DE 269].

Although the Plaintiffs request in letter form that the County's Reply be "removed" from the docket or "disregarded," their request is an improper attempt at a Motion to Strike by letter.

However, pursuant to Your Honor's Rule IV.B., "no letter motions will be accepted." Therefore, we request that Your Honor not accept the Plaintiffs' letter of September 3, 2019, DE [275].

Notwithstanding our objections above to the Plaintiffs' September 3, 2019 letter, and without waiving our objections, we also address below the content of the Plaintiffs' letter.

The Plaintiffs allege that Federal Rule of Procedure ("FRCP") 72(b) does not "contemplate" a Reply; that they "could find no support" for a Reply; and, that the County has cited no support.

However, Federal Rule of Procedure 72(b) is simply silent on the submission of a Reply and does not forbid a Reply

Moreover, the County has readily found support for filing a Reply in the following cases: *Davis v. Navient Corp.*, No. 17-cv-0992, 2019 WL 360173, at *1 (W.D.N.Y. Jan. 29, 2019)(pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the court reviewed the "R & R; the record in this case; the objection, response, and reply...")(emphasis added.); *Chalasani v. Daines*, No. 10-cv-1978, 2011 WL 4465408, at *1, n. 2 (E.D.N.Y. Sept. 26, 2011)(court "fully considered" the plaintiff's Reply despite the defendant's objections that FRCP 72(b) did not provide for a Reply); *Nolasco v. United States*, 358 F. Supp. 2d 224, 227 (S.D.N.Y. 2004)(U.S. government replied to Response to Objections pursuant to the Report and Recommendation of the Magistrate Judge; the court considered the Reply; "Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, this Court reviewed the petition and the R & R *de novo,* as well as the Objections, Response and *Reply.*")(emphasis added.).

Further, your Honor's Rule IV.B.(i). on Motion Practice describes *"reply memoranda"* that are "limited to 10 pages," and the County checked this rule before undertaking a Reply, and complied with this rule, as it has done before in this action.

Indeed, the County filed a Reply memorandum of law earlier in this consolidated action, on June 13, 2019, DE [266], in reply to the *Burns* Plaintiffs' Opposition to the County's Objections, pursuant to FRCP 72(a), with a three-week extension of time your Honor had granted.

In the event the Court's permission is required to file a Reply in this instance, the County respectfully requests the Court's permission to do so.

As to the Plaintiffs' other allegations in their letter, although the Plaintiffs allege that three "new" objections were raised in the County's Reply, the points raised in the County's Reply were properly made in *reply* to the points in the *Plaintiffs' Opposition* to the County's Objections, as well as to Magistrate Judge Locke's Report and Recommendation, which was integral to the Plaintiffs' Opposition, so that *both* were necessarily addressed in the Reply.

That the points in the Reply responded to the *Plaintiffs' Opposition* is demonstrated below.

The County's first point in the Reply was that "the rule that an affirmative defense must be pleaded in an answer is not absolute; rather, the Second Circuit has held that an affirmative defense may be pleaded later, as in a motion for summary judgment, and construed as a motion to amend." Reply Mem. DE [274], 1, ¶ 3. This first point responded to the *Plaintiffs' Opposition*, and explicitly addressed that "the *Plaintiffs* allege categorically, and pejoratively, that 'the Defendants seemingly fail to understand that a failure to properly assert an affirmative defense [in an Answer] results in

its exclusion from the case' and allegedly precludes the assertion of that defense at summary judgment or at trial." (emphasis added.) Reply Mem. DE [274], 8, ¶ 4; Opp. Mem. [273], 25, ¶ 1.

The County's second point in the Reply was that "a delay in pleading an affirmative defense is an insufficient reason to deny the assertion of the affirmative defense, where the plaintiff is not prejudiced and there is no bad faith, as the Second Circuit has also held." Reply Mem. [274] 1, ¶ 3. The Reply explicitly stated that "[i]n their Opposition, the *Plaintiffs* complain about the Defendants' delay across four pages…" (emphasis added.) Reply Mem. DE [274], 9, ¶ 4; Opp. Mem. [273], 2-5.

The County's third point in the Reply was that "the *Plaintiffs* should bear responsibility for bringing their NYLL claims with no basis in the NYLL; the Seventh Circuit has held that such a suit with no legal basis could be frivolous." (emphasis added.) Reply Mem. [274], 1, ¶ 3. This same point about "no basis in the NYLL," has been made before, including in the County's Objections, so it is not new at all; the point was only supplemented by a case in support. Obj. Mem. DE [272-1], 8, ¶ 2 ("a class action cannot proceed with no statutory basis under New York law"), 20-21, 22, ¶ 1.

Further, in the third point in the Reply, the County responded explicitly to the *Plaintiffs' Opposition*, which alleged that the County had been remiss in the Plaintiffs' State court proceeding in which the Plaintiffs sought an order for a late Notice of Claim. Reply Mem. [274], 1, ¶ 3; Opp. Mem. DE [273], 3. The County stated in reply: "the Plaintiffs filed a petition in State court seeking an order to file a late Notice of Claim. Despite the Plaintiffs' accusations, the Defendants are not responsible for the Plaintiffs' time and expense incurred in the State proceeding, because that proceeding resulted from the Plaintiffs' own failure to file a Notice of Claim on time." Reply Mem. DE [274], 9, ¶ 4.

For all the foregoing reasons, we respectfully request that the Court not accept the Plaintiffs' letter of September 3, 2019 and consider the County's Reply in the Court's *de novo* review of this matter.

Respectfully submitted,

BEE READY FISHBEIN HATTER & DONOVAN, LLP
/s/ *Rhoda Y. Andors*
By: Rhoda Y. Andors
*Attorneys for Defendants*
170 Old Country Road, Suite 200
Mineola, New York 11501
Tel. (516) 746-5599, Fax. (516) 746-1045
E-mail: randors@beereadylaw.com

*Filed by ECF*

The Plaintiffs' letter motion is denied. The Court will consider the Defendants' reply. So Ordered.

s/ Arthur D. Spatt
_____
Arthur D. Spatt, U.S.D.J.

9/6/19
Date