FILED
CLERK

4:26 pm, Sep 20, 2019

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ROBERT J. ARCIELLO, FRANCIS J. GOREY,
JR., DIANE MASTROPAOLO, GLEN F.
TUIFEL, DANIEL E. SPEICHER,
LAWRENCE J. LOISELLE, JOSEPH T.
WHITTAKER, JAMES SHARKEY, KIRK
FOWLKES, JOHN CLOUDMAN, NICHOLAS
PALMESE, JOHN OCHWAT, and all others
similarly situated,

and

SHAWN BURNS, KEVIN BIEN, BRIAN M.
WISE, and all other similarly situated Correction
Officers,

               Plaintiffs,

         -against-

COUNTY OF NASSAU, and EDWARD
MANGANO, in his individual and official
capacity,

             Defendants.
----------------------------------------------------------X

**MEMORANDUM OF
DECISION & ORDER**
2:16-cv-3974 (ADS) (SIL),

**APPEARANCES:**

**Law Offices of Louis D. Stober, Jr., LLC**
*Attorneys for Plaintiffs Robert J. Arciello, Francis J. Gorey, Jr., Diane Mastropaolo, Glen F.
Tuifel, Daniel E. Speicher, Lawrence J. Loiselle, Joseph T. Whittaker, James Sharkey, Kirk
Fowles, John Cloudman, Nicholas Palmese, John Ochwat, and all others similarly situated*
350 Old Country Road, Suite 205
Garden City, NY 11530
      By:    Louis D. Stober, Jr., Esq.
             Albina Kataeva, Esq.,
             Jason Paul Mansmann, Esq., Of Counsel.

**Virginia & Ambinder, LLP**
*Attorneys for Plaintiffs Shawn Burns, Kevin Bien, Brian M. Wise, and all other similarly situated
Correction Officers*
40 Broad Street, 7th Floor
New York, NY 10004
      By:    Alanna Rose Sakovits, Esq.,

James Emmet Murphy, Esq.,
LaDonna Marie Lusher, Esq.,
Lloyd Robert Ambinder, Esq., Of Counsel.

**Koehler & Isaacs LLP**
*Attorneys for Plaintiffs Shawn Burns, Kevin Bien, Brian M. Wise, and all other similarly situated Correction Officers*
61 Broadway, 25th Floor
New York, NY 10006
By:   Steven Isaacs, Esq., Of Counsel.

**Bee Ready Fishbein Hatter & Donovan, LLP**
*Attorneys for the Defendants*
170 Old Country Road, Suite 200
Mineola, NY 11501
By:   Deanna Darlene Panico, Esq.,
Michael Paul Siravo, Esq.,
Philip A. Butler, Esq.,
Rhoda Yohai Andors, Esq.,
Stephen Louis Martir, Esq., Of Counsel.

**SPATT, District Judge**:

## I.   BACKGROUND

### A. Initial Proceedings

On July 18, 2016, Plaintiffs Robert J. Arciello, Francis J. Gorey, Jr., Diane Mastropaolo, Glen F. Tuifel, Daniel E. Speicher, Lawrence J. Loiselle, Joseph T. Whittaker, James Sharkey, Kirk Fowlkes, John Cloudman, Nicholas Palmese, and John Ochwat (the "*Arciello* Plaintiffs"), acting on behalf of themselves and all others similarly situated, sued the Nassau County (the "County"), and Edward Mangano, in his individual and official capacities ("Mangano" and, together with the County, the "Defendants"). A group of current and former Nassau County employees, the *Arciello* Plaintiffs brought the action primarily to recover compensation for untimely paid overtime wages. ECF 1 at 1–2. They raised claims under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*, the New York Labor Law

2

("NYLL"), and 42 U.S.C. § 1983.  ECF 1 at 10–13.  The Defendants answered the complaint in March 2017.  ECF 15.  As relevant here, they did not argue that they were exempt from the NYLL claims.

In a separate and later-filed action, Plaintiffs Shawn Burns, Kevin Bien, and Brian M. Wise (the "*Burns* Plaintiffs"), a group of Nassau County Correction Officers acting on behalf of themselves and all others similarly situated, sued the County and Mangano.  *Burns et al. v. County of Nassau et al.*, 17-cv-2721 (E.D.N.Y. 2017) ("*Burns* ECF") 1.  The *Burns* Plaintiffs brought their action under the FLSA to recover liquidated damages for delayed payments of overtime and other wages.  *Id.*  The Defendants answered the complaint in that action as well.  *Burns* ECF 11.  In their answer, they argued, inter alia, that they were not the employer of the *Burns* Plaintiffs.  *Id.* at 5.

On October 30, 2017, the Court granted the *Arciello* Plaintiffs conditional certification of an FLSA collective action.  ECF 34.  On September 20, 2018, the *Arciello* Plaintiffs moved to certify their NYLL claims as a class action pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P.") 23.  ECF 212.  Following that certification motion, the Court consolidated this action with *Burns*, ruling that the actions related to the same conduct and involved overlapping putative classes.  ECF 213, 214.  The Court mandated that the *Arciello* Plaintiffs and *Burns* Plaintiffs file a consolidated complaint that incorporated the claims from each action.  ECF 213. The Court further ruled that the consolidated complaint could not assert new allegations against the Defendants, and that the Defendants did not need to answer the consolidated complaint.  *Id.*

On October 23, 2018, the *Arciello* Plaintiffs and the *Burns* Plaintiffs (hereinafter the "Plaintiffs") filed a consolidated complaint against the Defendants.  ECF 217.  In this complaint, they raised, inter alia, NYLL claims under §§ 190 and 650 *et seq.* for the failure to promptly pay

overtime wages.  *Id.* at 14–15.  One week later, the Defendants opposed the class certification motion and cross-moved under FED. R. CIV. P. 12(c) for judgment on the pleadings, arguing, inter alia, that they were exempt from the NYLL.  ECF 220.  In particular, they argued that the County was not an employer within the meaning of the NYLL; the Plaintiffs were not employees within the meaning of New York regulations; and the Plaintiffs had no private remedy under the NYLL for a claim for untimely overtime pay.  *Id.* at 17–22.  The Plaintiffs opposed the cross-motion, arguing that the Defendants waived any arguments as to being exempt because they failed to raise them in their original answer.  ECF 227 at 9–18.

The Defendants then filed an amended answer (the "consolidated answer"), in which they argued, inter alia, that they were exempt from the provisions of the NYLL because (a) the Plaintiffs were exempt employees pursuant to the NYLL and (b) the Plaintiffs were not "covered employees" within the meaning of the NYLL.  ECF 228 at 13 (internal quotation marks omitted). The Plaintiffs moved to strike the amended answer.  ECF 229.

On April 1, 2019, the Court referred the class certification motion and the cross-motion for judgment on the pleadings to United States Magistrate Judge Steven I. Locke for a Report and Recommendation as to whether the motions should be granted, and if so, what relief should be awarded.  ECF 247.

**B.  The Report and Recommendation**

On July 16, 2019, Judge Locke issued a report and recommendation ("R&R").  ECF 269. As to whether the Defendants had waived the NYLL exemption defense, Judge Locke ruled as follows:

> In light of Plaintiffs' motion to strike Defendants' Answer to Plaintiffs' Consolidated Complaint ("Amended Answer") that was filed after Defendants filed the motion to dismiss, and which is currently pending before Judge Spatt, *see* DE [229], the Court considers only the affirmative defenses raised in the

Defendants' Answer to Plaintiffs' Complaint, *see* DE [15], and does not consider the affirmative defenses raised in Defendants' Amended Answer or any arguments that overlap with arguments regarding Plaintiffs' pending motion to strike.

*Id.* at 9.  In light of this ruling, Judge Locke made the following recommendations concerning the Defendants' argument in the Rule 12(c) cross-motion that they were exempt from the NYLL:

> Here, Defendants have had numerous opportunities to raise the instant affirmative defenses, since Plaintiffs filed their Complaint in 2016 including: (i) in their motion to dismiss, filed on August 8, 2016, *see* DEs [5]-[7]; (ii) in their Answer, filed on March 10, 2017, *see* DE [15]; and (iii) during the time the Court gave the parties to amend their pleadings, *see* DE [24] (Scheduling Order setting July 17, 2017 deadline for motions to amend pleadings).  Because Defendants waited until the instant cross-motion to dismiss to assert their affirmative defense of exemption under NYLL § 190(3) and N.Y.C.R.R. § 142-2.14(b), they have waived these defenses.  *See Schwind v. EW & Assocs., Inc.*, 357 F. Supp. 2d 691, 697 (S.D. N.Y. 2005) (statutory exemptions are affirmative defenses that will be waived if not specifically pleaded, pursuant to Fed. R. Civ. P. 8(c)).  Accordingly, the Court does not consider the Defendants' affirmative defenses and respectfully recommends that Defendants' cross-motion to dismiss [Plaintiffs'] NYLL claims based on Defendants' purported status as a governmental agency and/or as a municipal government be denied.

*Id.* at 9–10.  Judge Locke further observed that the Defendants failed to show that they were unaware of the exemption defense prior to the July 17, 2017 deadline to amend the pleadings.  *Id.* at 11–12.

As to the remaining issues concerning the Rule 12(c) cross-motion and the motion to certify, Judge Locke issued the following recommendation:

> For the reasons set forth above, the Court respectfully recommends that Defendants' motion for judgment on the pleadings be denied and that Plaintiffs' motion to certify their NYLL claims as a Rule 23 class action be granted.  The Court further respectfully recommends that Louis D. Stober be appointed as class counsel.  Finally, the Court recommends that Plaintiffs be directed to modify the proposed notice of pendency, serve a copy of the revised proposed notice on Defendants and submit a copy to the Court for approval, after Defendants have had an opportunity to review the proposed notice and the parties have addressed any objections.

*Id.* at 32–33.

The Defendants now object to the R&R, raising five arguments: (1) the R&R should have addressed the consolidated answer; (2) it was erroneous to find that the Defendants waived the affirmative defenses to the Plaintiffs' NYLL claims; (3) the R&R should have recognized the "twice asserted" affirmative defense that the County was not the Plaintiffs' employer; (4) the R&R was issued prematurely, before the Court could rule on the motion to strike the consolidated answer; and (5) it was also erroneous to recommend that the Court prevent the Defendants from filing an amended answer, "in effect foreclosing a motion to amend before it might be sought."  ECF 272, 272-1.

### C.  The Defendants' Pending Motion to Set Aside

In January 2019, the Defendants moved to strike the consent-to-sue forms filed by the *Burns* Plaintiffs that had been filed in the *Burns* action.  ECF 241.  They had previously made the same motion in the *Burns* action before that case was consolidated with *Arciello*.  In the present motion, they argued that the consent-to-sue forms should be stricken because the *Burns* Plaintiffs had not filed a motion for collective certification of their FLSA claim pursuant to 29 U.S.C. § 216(b), and almost all of the consent-to-sue forms filed in lieu of the motion for collective certification contained inaccuracies, such as having an incorrect caption, failing to mention the FLSA, or lacking a signature.  *Id.*

Judge Locke held a hearing on the motion to strike, and denied the motion.  ECF 249.  He reasoned that: (1) there was no statutory procedure for the filing of consent-to-sue forms: (2) in spite of the errors on the forms, the Defendants had notice of the lawsuit and its exact nature, namely, that it had been brought under FLSA; and (3) equitable tolling applied to the erroneous consent-to-sue forms.  ECF 253-4 at 23–30.  Judge Locke also ruled that any consent-to-sue

forms lacking a signature were stricken, and neither party objected. *Id.* at 25. The Defendants now move to set aside this ruling. ECF 253-2.

## II.    DISCUSSION

As an initial matter, this case concerns several pending motions, which the Court addresses in the following order. First, the Court rules on the Plaintiffs' motion to strike the consolidated answer. Second, it reviews the Defendants' objections to the R&R. Third, it rules on the Defendants' Rule 12(c) cross-motion and the Plaintiffs' motion to certify the NYLL claims. Fourth, it rules on the Defendants' motion to set aside Judge Locke's ruling on the Defendants' motion to strike the *Burns* Plaintiffs' consent-to-sue forms.

For the following reasons, the Court denies the Plaintiffs' motion to strike; sustains all of the Defendants' objections to the R&R; grants the Defendants' Rule 12(c) cross-motion in its entirety; denies the Plaintiffs' motion to certify; and denies the Defendants' motion to set aside the consent-to-sue forms ruling.

### A.  As to the Plaintiffs' Motion to Strike the Consolidated Answer

#### 1.  Legal Standard

Pursuant to FED. R. CIV. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "'[M]otions to strike are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute.'" *Houston v. Manheim-New York*, No. 09-CIV-4544, 2010 WL 744119, at *2 (quoting *Kounitz v. Slaatten*, 901 F. Supp. 650 (1995) (internal citations omitted)). Parties face a "demanding" standard in order to prevail on a motion to strike. *New England Health Care Emps. Welfare Fund v. iCare Mgmt., LLC*, 792 F. Supp. 2d 269, 288 (D. Conn. 2011). To meet that standard:

(1) there may be no question of fact which might allow the defense to succeed; (2) there may be no substantial question of law, a resolution of which could allow the defense to succeed; and (3) the moving party must show that it is prejudiced by the inclusion of the defense.

*Tardif v. City of New York*, 302 F.R.D. 31, 32 (S.D.N.Y. 2014) (internal quotation marks omitted) (citing *Cognex Corp. v. Microsan Sys., Inc.*, 990 F. Supp. 2d 408, 418 (S.D.N.Y. 2013).

Under FED. R. CIV. P. 8(c), "[i]n responding to a pleading, a party must affirmatively state any . . . affirmative defense." And under Rule 12(h), a party waives any defense listed in Rule 12(b)(2)–(5) "by failing to assert [such a defense] in a pre-answer motion to dismiss or the first responsive pleading." *Panzella v. Cty. of Nassau*, No. 13-CV-5640, 2015 WL 224967, at *3 (E.D.N.Y. Jan. 15, 2015).

The Second Circuit has previously ruled that the language in Rule 8(c) is "mandatory," and that failure to plead an affirmative defense "bars its invocation at later stages of the litigation." *Doubleday & Co., Inc. v. Curtis*, 763 F.2d 495, 503 (2d Cir. 1985). More recently, the Second Circuit has announced a more lenient standard. *See, e.g.*, *Curry v. City of Syracuse*, 316 F.3d 324, 330–31 (2d Cir. 2003) (observing that an affirmative defense "*normally* must be pled in a timely manner or it *may* be waived") (emphases added); *Am. Fed. Grp. v. Rothenberg*, 136 F.3d 897, 910 (2d Cir. 1998) ("Waiver by failure to plead is indeed the general rule, but it is a rule not applied automatically and as a practical matter there are numerous exceptions to it.") (internal quotation marks omitted). If a defendant omits an affirmative defense from his answer or first responsive pleading, a district court may nevertheless decline to deem the defense waived if the plaintiff had notice and an opportunity to respond. *Jones v. Bryant Park Mkt. Events, LLC*, 658 F. App'x 621, 624 (2d Cir. 2016) (Summary Order) (citing *Curry*, 316 F.3d at 330–31).

District courts have noted that if a party only partially or generally raises an affirmative defense in an answer, a party may then raise the full affirmative defense for the first time in a

motion.  *D'Arpa v. Runway Towing Corp.*, No. 12-CV-1120, 2013 WL 3010810, at *7 n.17 (E.D.N.Y. June 18, 2013); *Schwind*, 357 F. Supp. 2d at 697.   A party's general, though incomplete, assertion of an affirmative defense in an answer nonetheless puts a party on "notice of defendants' intentions to raise" such a defense.  *Padilla v. Sheldon Rabin, M.D., P.C.*, 176 F. Supp. 3d 290, 301 (E.D.N.Y. 2016).   This notice prevents the opposing party from suffering surprise or unfair prejudice when the defense is later raised in full.  *See id.* (citing *Domenech v. Parts Auth., Inc.*, No. 14-CV-3595, 2015 WL 4613527, at *4 (E.D.N.Y. Aug. 3, 2015)).

In addition, "the law is clear that, in the absence of prejudice, a defendant may raise an affirmative defense in a motion for summary judgment for the first time."  *McGuiggan v. CPC Int'l, Inc.*, 84 F. Supp. 2d 470, 480 (S.D.N.Y. 2000) (internal quotation marks omitted); *Padilla*, 176 F. Supp. 3d at 302; *see D'Arpa*, 2013 WL 3010810, at *7 n.17 (E.D.N.Y. June 18, 2013) ("Plaintiffs erroneously assume that the failure to raise an affirmative defense in an Answer automatically waives that defense if later raised at summary judgment.")  In addition, a party may raise an affirmative for the first time in a Rule 12(c) motion.  *Cowan v. Ernest Codelia, P.C.*, 149 F. Supp. 2d 67, 74 (S.D.N.Y. 2001) (noting that a party's raising a res judicata defense for the first time in a Rule 12(c) motion, as opposed to a summary judgment motion, "does not affect the Court's ability to entertain the res judicata defense"); *cf. Am. Fed. Grp., Ltd.*, 136 F.3d at 910 ("[W]aiver may not be proper where the defense is raised at the first pragmatically possible time and applying it at that time would not unfairly prejudice the opposing party.").

### 2.  Application to the Facts of this Case

Here, the Plaintiffs move to strike the Defendants' answer to the consolidated complaint in its entirety, or, in the alternative, to strike the answer's newly raised alternative defenses. They argue that when the Court ordered the two groups of plaintiffs to file a consolidated

complaint, it warned the Plaintiffs that they could not raise new allegations.  Further, it ruled that because no new allegations could be raised, the Defendants did not need to answer the consolidated complaint.  The Plaintiffs further argue that the consolidated complaint contained no new allegations, but that the consolidated answer contains sixteen new affirmative defenses, including several affirmative defenses that the Defendants are exempt from the provisions of the NYLL.

The Defendants oppose the motion, arguing, inter alia, that they were not precluded from answering the consolidated complaint; they were only not obligated to answer.  They further argue that they raised an exemption defense in their answer to the complaint in *Burns*; thus, they are not raising the exemption argument for the first time.  In reply, the Plaintiffs argue that the *Burns* Plaintiffs never raised an NYLL claim, so the Defendants could not have specifically pleaded NYLL exemption in their answer, and, that even if that defense could be construed as seeking NYLL exemption, it proves that the Defendants knew of the defense, yet failed to raise it against the *Arciello* Plaintiffs.

The Defendants did not specifically plead an NYLL exemption defense in their answers to the *Arciello* or *Burns* complaints.  Moreover, the Court does not consider the Defendants' assertion in the *Burns* answer to put the Plaintiffs on notice that they were raising such a defense, because the *Burns* Plaintiffs did not bring an NYLL claim, and the claim itself does not relate to the two affirmative defenses raised in the consolidated answer.  *Compare Burns* ECF 11 at 5 ("Defendants were not the 'employer of Plaintiffs'"), *with* ECF 228 at 13 ("Plaintiffs were exempt employees pursuant to the New York Labor Law" and "Plaintiffs were not 'covered employees' within the meaning of the New York Labor Law").

10

In any event, the Court agrees with the Defendants that the failure to plead an affirmative defense does not compel waiver of that defense.  *See, e.g.*, *Am. Fed. Grp., Ltd.*, 136 F.3d at 910; *Rose v. AmSouth Bank of Fla.*, 391 F.3d 63, 65 (2d Cir. 2004); *see also Gilmore v. Gilmore*, 503 F. App'x 97, 99 (2d Cir. 2012) (Summary Order).  The Defendants in this case waited until after the *Arciello* and *Burns* actions were consolidated to raise the exemption defenses.  This amounted to their raising the defenses "at the first pragmatically possible time."  *See Am. Fed. Grp., Ltd.*, 136 F.3d 910.  The Plaintiffs were not prejudiced by the defenses because they were able to move to strike the consolidated answer, thus demonstrating that they had notice of the defenses and an opportunity to be heard.  *See Rose,* 391 F.3d at 65; *Curry*, 316 F.3d at 331.

The Plaintiffs argue that the Defendants should not be allowed to raise the defense now after nearly two years of litigation.  The Court disagrees.  The Second Circuit has on numerous occasions approved of raising new defenses at the summary judgment stage.  *See*; *Rose*, 391 F.3d at 65; *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003); *Am Fed. Grp., Ltd.*, 136 F.3d at 910.  The Defendants' affirmative defense here comes at an earlier stage of the litigation, and it is thus permissible.

Accordingly, the Court denies the Plaintiffs' motion to strike the consolidated answer in its entirety, as well as their alternative request to strike the portions of the consolidated answer that raise exemption defenses.

## B.  As to the R&R

### 1.  District Court Review of a Magistrate Judge's R&R

In the course of its review of a Magistrate Judge's report and recommendation, the District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see DeLuca v. Lord*,

11

858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition."  FED. R. CIV. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C).

The district court must conduct a de novo review of those portions of the R&R or specified proposed findings or recommendations to which timely and proper objections are made.  28 U.S.C. § 636(b)(1)(C); *see* FED. R. CIV. P. 72(b)(3) ("the district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").  The Court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record.  *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error."  *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Toth v. N.Y. City Dep't of Educ.*, No. 14-CV-3776, 2017 WL 78483, at *7 (E.D.N.Y. Jan. 9, 2017) ("reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set for the= in the original petition." (quoting *Ortiz v. Barkley*, 558 F. Supp. 2d 44, 451 (S.D.N.Y. 2008))), *vacated on other grounds sub nom. Toth on behalf of T.T. v. City of New York Dep't of Educ.*, —— F. App'x ——, No. 17-CV-383, 2018 WL 258793 (2d Cir. Jan. 2, 2018); *Frankel v. City of N.Y.*, Nos. 06-CIV-5450, 07-CV-3436, 2009 WL 456645, at *2 (S.D.N.Y. Feb. 25, 2009)

("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error."); *Pall Corp. v. Entergris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (holding that if the objecting party "makes only conclusory or general objections, . . . the Court reviews the [R&R] only for clear error") (internal citations omitted).

"The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary." *McCarthy v. Manson*, 554 F. Supp. 1275, 1286 (D. Conn. 1982) (internal citations omitted), *aff'd*, 714 F.2d 234 (2d Cir. 1983). "There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." *Toth*, 2017 WL 78483, at *7 (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

### 2. Application to the Facts of this Case

The Defendant raises five objections to the R&R.  All of these objections bear on Judge Locke's decision not to consider the consolidated answer in light of the pending motion to strike the consolidated answer.  The Court's above-noted denial of the motion to strike renders moot the recommendations made in the R&R.  Thus, the Court sustains all of the Defendants' objections in that regard.  In addition, because the motion to strike has been denied, the Court must consider in the first instance the merits of the Rule 23 motion to certify the NYLL claims and the Rule 12(c) cross-motion.

### C. As to the Rule 12(c) Motion

### 1. Legal Standard

Courts review Rule 12(c) motions under the same standard as Rule 12(b)(6) motions to dismiss.  *See Bank of New York v. First Millennium, Inc.*, 607 F.3d 906, 922 (2d Cir. 2010).  "To survive a Rule 12(c) motion, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Hayden v. Peterson*, 594 F.3d 150, 160 (2d Cir. 2010)).  The issue on a motion to dismiss is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir. 2001) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)).  "'Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Harris v .Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009)).

### 2.  Application to the Facts of this Case

The Defendants raise two arguments in favor of their motion for judgment on the pleadings.  First, they argue that the County, under NYLL § 190(3), is a governmental agency. ECF 220 at 18–20.  Thus, it is exempt from NYLL § 191's frequency of payment provision.  *Id.* They add that under NYLL § 198, there is no remedy for public or private employees for late payment  of wages.  *Id.* at 20.  Second, they argue that the County is also exempt under the New York Code of Rules and Regulations ("NYCRR") § 142-2.2.  *Id.* at 20–21.

In opposition, the Plaintiffs contend that the County is not an exempt governmental agency under NYLL § 190(3) because it is not a subdivision of a municipality, it is the municipality itself.  ECF 227 at 18–22.  They further argue that they do have a remedy under NYLL § 198 for recovery of untimely wages.  *Id.* at 22–24.  In reply, the Defendants reiterate

14

their earlier arguments, adding that: (1) the County is analogous to New York City, which is exempt from suit under the NYLL; (2) as employees of a municipal government, the Plaintiffs are not employees within the meaning of 12 NYCRR § 142-2.2; and (3) they are also not employees within the meaning of NYLL § 651(5)(n).  ECF 235 at 6–12.  For the following reasons, the Court grants the Defendants' Rule 12(c) cross-motion in its entirety.

### i.   As to Whether Nassau County Can Be Sued

Pursuant to FED. R. CIV. P. 17(b), an entity is suable in federal court only if it would be suable under the laws of the state where it was created.  *Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, (S.D.N.Y. 2009); *see Schweitzer v. Crofton*, 935 F. Supp. 2d 527, 551–52 (E.D.N.Y. 2013).   "'Under New York law, departments that are merely administrative arms of a municipality have no separate legal identity apart from the municipality and therefore cannot be sued.'"  *McJunkin v. Suffolk Cty. Civil Serv.*, No. 13-CV-5045, 2014 WL 3490720, at *2 (E.D.N.Y. July 10, 2014) (quoting *Omnipoint*, 658 F. Supp. 2d at 552 (internal quotation marks omitted)); *see Martinez v. Cty. of Suffolk*, 999 F. Supp. 2d 424, 429 (E.D.N.Y. 2014) (Spatt, *J.*) ("It is well established that under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot be sued.") (internal quotation marks omitted); *George v. Grace Church Cmty. Ctr.,* No. 10-CIV-5343, 2012 WL 859703, at *2 (S.D.N.Y. Feb. 17, 2012); *In re Dayton*, 786 F. Supp. 2d 809, 818 (S.D.N.Y. 2011); *Human Res. and Mgmt. Grp., Inc. v. Cty. of Suffolk*, 687 F. Supp. 2d 237, 240 n.1 (E.D.N.Y. 2010) ("Only Suffolk County is a proper defendant in this action.").  Instead, "[t]he only proper defendant in a lawsuit against an agency of a municipality is the municipality itself, not the agency through which the municipality acted." *Omnipoint*, 658 F. Supp. 2d at 552.

15

While the County's availability for lawsuit is sound on a theoretical level, the question is difficult when applied to the NYLL.  Section 190(3) of the NYLL provides that "'[e]mployer' includes any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service.  The term 'employer' shall not include a governmental agency."  Ultimately, the Court agrees with the Defendants that Nassau County is a governmental agency within the meaning of the NYLL, and is thus exempt from the NYLL § 191 claim.

The Second Circuit has not ruled on whether counties constitute employers for purposes of the NYLL.  *See, e.g.*, *Estate of Hamilton v. City of New York*, 627 F.3d 50, 57 (2d Cir. 2010) (ruling only that the New York Police Department was "clearly" a governmental agency). District courts have ruled that New York City cannot be sued under the NYLL.  *Eng v. City of New York*, No. 15-CV-1282, 2017 WL 1287569 (S.D.N.Y. Mar. 29, 2017); *Hodgson v. City of New York*, No. 12-CV-1634, 2013 WL 840874 (S.D.N.Y. Mar. 7, 2013).  State courts have ruled that a Town on Long Island is not an NYLL employer.  *See Perry v. Town of Huntington*, 60 Misc. 3d 45, 49 (App. Term, 2d Dep't 2018) ("[W]e note that Labor law § 190(3)'s definition of 'employer,' applicable to Labor Law § 198(1-a), does not include governmental entities, such as defendant.") (citing *Phaneuf v. City of Plattsburgh*, 84 Misc. 2d 70, 73 (Sup. Ct. Clinton Cty. 1974)).

Here, the Court finds persuasive the Defendants' assertion that the County is analogous to New York City, an entity that cannot be sued pursuant to NYLL § 190(3).  *See Eng*, 2017 WL 1287569, at *3; *Hodgson*, 2013 WL 840874, at *6.  *Hodgson* in particular bolsters the Defendants' motion, because in that case, the district court ruled that both a municipal entity and one of its subdivisions constitutes a governmental agency.  2013 WL 840874, at *6 ("Both the

16

City of New York and the NYPD are governmental agencies for purposes of [NYLL § 190(3)].").

### ii.   As to § 198 of the NYLL

Similar to the issue of whether a county constitutes a governmental agency for purposes of the NYLL, the Second Circuit has not addressed whether NYLL § 198 provides a remedy for the failure to timely pay overtime wages.   Courts in the Southern District of New York and this District have opined that the NYLL may not contain such a remedy.   *See Belizaire v RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 360 & n.22 (S.D.N.Y. 2014) (considering the FLSA's liquidated damages provision for untimely payment of wages and noting that "[t]he NYLL does not appear to provide a similar remedy.   While it also contains a liquidated damages provision, it seems that the provision is geared to afford relief for unpaid wages, not for late-paid wages.") (citing NYLL § 198(1-a)); *see also Coley v. Vanguard Urban Improvement Ass'n, Inc.*, No. 12-CV-5565, 2018 WL 1513628, at *13 (E.D.N.Y. Mar. 27, 2018) ("'The NYLL does not appear to provide a similar remedy.'" (quoting *Belizaire*)); *Hussain v. Pak. Int'l Airlines Corp.*, No. 11-cv-932, 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2013) ("The NYLL contains no provision for private recovery for violations of its provisions regarding frequency of payment.").

The only authority cited by the Plaintiffs on this issue is *Martin v. United States*, 117 Fed. Cl. 611 (2014), a United States Court of Federal Claims opinion that interprets the FLSA, not the NYLL.   Although there is no mandatory authority opposing the Plaintiffs' position, the absence of persuasive authority in their favor undermines their position.

In light of these rulings, the Court grants the Defendants' Rule 12(c) cross-motion as to the NYLL § 191 claim.   The Court next considers the claim of exemption under NYLL § 651.

### iii.   The NYLL § 651 Exemption

17

Under NYLL § 651(5)(n), persons employed "by a federal, state or municipal government or political subdivision thereof" are excluded from the definition of "employees" covered by the overtime provisions of the law. *Ali v. New York City Health and Hosps. Corp.*, No. 11-CV-6393, 2013 WL 1195794, at *2 (S.D.N.Y. Mar. 25, 2013); *Massiah v. MetroPlus Health Plan, Inc.*, 856 F. Supp. 2d 494, 497 (E.D.N.Y. 2012); *Drayton v. MetroPlus Health Plan, Inc.*, 791 F. Supp. 2d 343, 345 (S.D.N.Y. 2011) ("New York Labor Law, however, expressly excludes from its definition of 'employee' those persons employed 'by a federal, state or municipal government or political subdivision thereof.'"). The accompanying regulation, NYCRR § 142-2.14, also notes that an "[e]mployee does not include any individual employed by a . . . municipal government or political subdivision thereof."

As noted above, the Court rules that the County is a governmental agency within the meaning of the NYLL. The language of NYLL § 651, which excludes from coverage employees of a "municipal government or political subdivision thereof," exempts the Defendants from suit by the Plaintiffs, who are current and former Nassau County employees. *See Ali*, 2013 WL 1195794, at *2; *Massiah*, 856 F. Supp. 2d at 497. Accordingly, the Court grants the Rule 12(c) motion as to NYLL § 651, and thus, it grants the Rule 12(c) cross-motion in its entirety and denies the Plaintiffs' motion to certify the NYLL claims.

### D. As to the Defendants' Motion to Strike

#### 1. Legal Standard

Section 216(b) of the FLSA is silent as to what information is needed, if any, on a consent-to-sue form, or whether a conditional certification process is even required. 29 U.S.C.A. § 216(b). The Supreme Court has ruled that the FLSA grants courts the procedural authority and responsibility to manage a collective action. *Hoffmann–LaRoche Inc. v. Sperling*, 493 U.S. 165,

160, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989).   The Second Circuit has expanded on the

authority bestowed upon district courts:

> Indeed, while courts speak of "certifying" an FLSA collective action, it is
> important to stress that the "certification" we refer to here is only the district
> court's exercise of discretionary power, upheld in *Hoffmann–LaRoche*, to
> facilitate the sending of notice to potential class members.   Section 216(b) does
> not by its terms require any such device, and nothing in the text of the statute
> prevents plaintiffs from opting into the action by filing consents with the district
> court, even when the notice described in *Hoffman–LaRoche* has not been sent, so
> long as such plaintiffs are "similarly situated" to the named individual plaintiff
> who brought the action. . . . "[C]ertification" is neither necessary nor sufficient for
> the existence of a representative action under the FLSA, but may be a useful "case
> management" tool for district courts to employ in appropriate cases.

*Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010).

Courts "have generally not taken a strict approach with regard to the *form* of the written

consent."   *Mendez v. The Radec Corp.*, 260 F.R.D. 38, 52 (W.D.N.Y. 2009) (emphasis in

original); *see also Soler v. G & U Inc.*, 103 F.RD. 69, 76 (S.D.N.Y. 1984) ("Although the

consent to sue forms filed with the Court are general and do not name a specific defendant, the

FLSA does not require this level of specificity.").   A district court recently ruled that the "FLSA

requires only that an employee consent in writing to become a party plaintiff to an action.   It

does not dictate that the consent identify a particular court or case in order to be effective."   *Lusk

v. Serve U Brands, Inc.*, No. 17-CV-6451, 2018 WL 2979098, at *9 (W.D.N.Y. June 14, 2018)

(citing *Soler*); *see also Callari v. Blackman Plumbing Supply, Inc.* 988 F. Supp. 2d 261, 282

(E.D.N.Y. 2013) (Spatt, *J.*) ("[I]n Paragraph 1 of the declaration, the Plaintiff clearly identifies

himself as the named Plaintiff in this action.   Moreover, the caption for the declaration states that

the Plaintiff is bringing the action on behalf of himself and other employees similarly situated.");

*D'Antuono v. C & G of Groton, Inc.*, No. 11-CV-33, 2012 WL 1188197, at *4 (reading a

plaintiff's affidavit "broadly as implicitly verifying the complaint, expressing an interest that legal action be taken to protect her rights, and expressing an interest in being a party plaintiff").

As to equitable tolling, in order to qualify, "'the plaintiff must establish that extraordinary circumstances prevented [her] from filing [her] claim on time, and that s[he] acted with reasonable diligence throughout the period [s]he seeks to toll." *Parada v. Banco Indus. De Venez., C.A.*, 753 F.3d 62, 71 (2d Cir. 2014) (quoting *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 150 (2d Cir. 2013) (quotations marks and alterations omitted). Equitable tolling is only appropriate in "'rare and exceptional circumstance[s].'" *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (quoting *Smith v. McGinnis*, 208 F.3d 14, 17 (2d Cir. 2000)).

### 2. Application to the Facts of this Case

The Defendants argue that Judge Locke erred in finding that the FLSA was invoked in the consent-to-sue forms, because the forms list a law firm that has made no appearance in the case; the caption lists the wrong individual defendants; and it seeks the wrong relief (unpaid wages instead of delayed payment of wages). ECF 253-2. They also argue that the ruling in general was contrary to law, and there was no basis for equitable tolling. ECF 253-2. They further argue that the consent given on the forms was uninformed, misinformed, and thus, invalid. ECF 266.

The Plaintiffs contend in opposition that the consent-to-sue forms were proper under § 216(b) because the law firm that did not appear represents the Plaintiffs and has assisted with the case; the caption on the forms was drafted before the proper defendants were determined; and the underlying lawsuit did allege a failure to pay overtime wages. ECF 260. They also argue that in the event that the forms were stricken, equitable tolling would be appropriate. *Id.* However, Judge Locke only issued an alternative ruling on equitable tolling. ECF *Id.* Further,

they argue that since they would not have to seek equitable tolling unless the motion to strike were granted, any equitable tolling motion would not be ripe.  The Court agrees.

The consent-to-sue forms in this case provide as follows:

> I hereby consent to be a plaintiff in this action brought to recover unpaid wages, including overtime wages, owed to me and similarly situated employees employed by Nassau County.  I authorize the law firms of Virginia and Ambinder, LLP and Koehler & Isaacs, LLP to pursue the claims alleged in this lawsuit on my behalf.

ECF 253-3 at 8.

The Defendants' allegations concerning the caption do not bear on the factors relied upon by courts to evaluate the validity of consent-to-sue forms.  The consent-to-sue form lists the proper case number for the *Burns* action as well as the *Burns* Plaintiffs.  *See, e.g.*, *Lusk*, 2018 WL 2979098, at *9.  Although the form does not invoke the FLSA, it does connect the unnamed plaintiffs to the named plaintiffs in the action, and it describes them as Nassau County employees who are seeking recovery of unpaid overtime wages.  *See D'Antuono*, 2013 WL 1188917, at *4. Reading the consent-to-sue form broadly, it certainly expresses "an interest that legal action be taken to protect" the Plaintiffs' rights.  *Id.; see Perkins v. S. New England Telephone Co.*, No. 07-CV-967, 2009 WL 3754097, at *3 n.2 (D. Conn. Nov. 4, 2009) ("[C]ourts have generally accepted irregular consent forms where the signed document verifies the complaint., indicates a desire to have legal action to protect the party's rights, or states a desire to become a party plaintiff.").

In addition to properly naming the case number and Plaintiffs, the forms, filed in this action, put the Defendants on notice that these unnamed plaintiffs would be opting into the action.  The Defendants have not suffered any prejudice because they have been aware of the

FLSA claims raised against them after the action has been filed.  *See United States v. Certain Real Property & Premises,* 945 F.2d 1252, 1259 (2d Cir. 1991).

As to equitable tolling, the Court agrees as to the Plaintiffs' ripeness argument.  Because the Plaintiffs have yet to seek equitable tolling, ECF 253-4 at 11 ("I would note to the Court that to this date, there has never been a single motion by the plaintiff for equitable tolling."), the issue is not yet ripe, *see Guo v. IBM 401(k) Plus Plan*, 95 F. Supp. 3d 512, 527 (S.D.N.Y. 2015); *Hurd v. N.Y.C. Health & Hosp. Corp.*, No. 07-CV-3073, 2008 WL 2127659, at *3 (S.D.N.Y. May 20, 2008) (explaining that while the plaintiff "could argue for, and justify, equitable tolling . . . [t]hat issue [was] not presently before the [c]ourt and [was] therefore not ripe for adjudication.").

## III.    CONCLUSION

For the foregoing reasons, the Court denies the Plaintiffs' motion to strike the Defendants' consolidated answer.  The Court also sustains all of the Defendants' objections to the R&R.  In addition, the Court grants the Defendants' Rule 12(c) cross-motion for judgment on the pleadings as to the NYLL claims and denies the Plaintiffs' motion to certify their NYLL claims.  Further, the Court denies the Defendants' motion to set aside Judge Locke's ruling on the Defendants' motion to strike the consent-to-sue forms.

**SO ORDERED.**

Dated:    Central Islip, New York                          _____/s/ Artur D. Spatt_____

September 20, 2019                                 ARTHUR D. SPATT

United States District Judge