UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X    Case No.:16-CV-3974(JMA)(SIL)
ROBERT J. ARCIELLO, FRANCIS GOREY, JR.,
DIANE MASTROPAOLO, GLEN F. TUIFEL,
DANIEL E. SPEICHER, LAWRENCE J. LOISELLE    AMENDED ANSWER TO THE
JOSEPH T. WHITTAKER, JAMES SHARKEY,    CONSOLIDATED COMPLAINT
KIRK FOWLKES, JACK CLOUDMAN, NICHOLAS
PALMESE, JOHN OCHWAT, and all others
similarly situated,

-and-

SHAWN BURNS, KEVIN BEIN, BRIAN M. WISE,
And all other similarly situated Correction Officers,

        Plaintiffs,
-against-

COUNTY OF NASSAU and EDWARD MANGANO, in
his Individual and Official Capacity,

        Defendants.
----------------------------------------X

  Defendants, COUNTY OF NASSAU and EDWARD MANGANO, in his Official Capacity as Nassau County Executive, (hereinafter, collectively referred to as "Defendants"), by their attorneys, BEE READY FISHBEIN HATTER & DONOVAN, LLP, answer Plaintiffs' Complaint as follows:

### AS AND FOR AN ANSWER TO NATURE OF ACTION

  1. Deny the truth of the allegations contained in Paragraph "1" of the Consolidated Complaint.

  2. Deny the truth of the allegations contained in Paragraph "2" of the Consolidated Complaint.

  3. Deny the truth of the allegations contained in Paragraph "3" of the Consolidated Complaint.

4. Deny the truth of the allegations contained in Paragraph "4" of the Consolidated Complaint.

5. Deny the truth of the allegations contained in Paragraph "5" of the Consolidated Complaint.

6. Deny the truth of the allegations contained in Paragraph "6" of the Consolidated Complaint.

7. Deny the truth of the allegations contained in Paragraph "7" of the Consolidated Complaint.

## AS AND FOR AN ANSWER TO JURISDICTION & VENUE

8. Paragraph "8" contains questions of law, which the Defendants respectfully refer to the Court. To the extent that Paragraph "8" contains any allegations that require an answer by the Defendants, the Defendants deny the truth of those allegations.

9. Paragraph "9" contains questions of law, which the Defendants respectfully refer to the Court. To the extent that Paragraph "9" contains any allegations that require an answer by the Defendants, the Defendants deny the truth of those allegations.

10. Paragraph "10" contains questions of law, which the Defendants respectfully refer to the Court. To the extent that Paragraph "10" contains any allegations that require an answer by the Defendants, the Defendants deny the truth of those allegations.

11. Paragraph "11" contains questions of law, which the Defendants respectfully refer to the Court. To the extent that Paragraph "11" contains any allegations that require an answer by the Defendants, the Defendants deny the truth of those allegations.

## AS AND FOR AN ANSWER TO THE ARCIELLO PLAINTIFFS

12. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12".

13. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "13".

14. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "14".

15. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "15".

16. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16".

17. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "17".

18. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "18".

19. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19".

20. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "20".

21. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "21".

22. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22".

23. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "23".

24. Deny the truth of the allegations contained in Paragraph "24" of the Consolidated Complaint.

25. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "25".

26. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "26".

27. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "27".

28. Deny the truth of the allegations contained in Paragraph "28" of the Consolidated Complaint.

## AS AND FOR AN ANSWER REGARDING DEFENDANTS

29. Admit the allegations contained in Paragraph "29" of the Consolidated Complaint.

30. Admit the allegations contained in Paragraph "30" of the Consolidated Complaint.

31. Admit the allegations contained in Paragraph "31" of the Consolidated Complaint.

## AS AND FOR AN ANSWER TO FLSA COLLECTIVE ACTION ALLEGATIONS

32. Deny the truth of the allegations contained in Paragraph "32" of the Consolidated Complaint.

33. Deny the truth of the allegations contained in Paragraph "33" of the Consolidated Complaint.

34. Deny the truth of the allegations contained in Paragraph "34" of the Consolidated Complaint.

35. Deny the truth of the allegations contained in Paragraph "35" of the Consolidated Complaint.

36. Deny the truth of the allegations contained in Paragraph "36" of the Consolidated Complaint.

37. Deny the truth of the allegations contained in Paragraph "37" of the Consolidated Complaint.

38. Deny the truth of the allegations contained in Paragraph "38" of the Consolidated Complaint.

39. Deny the truth of the allegations contained in Paragraph "39" of the Consolidated Complaint.

40. Deny the truth of the allegations contained in Paragraph "40" of the Consolidated Complaint.

41. Deny the truth of the allegations contained in Paragraph "41" of the Consolidated Complaint.

42. Deny the truth of the allegations contained in Paragraph "42" of the Consolidated Complaint.

43. Deny the truth of the allegations contained in Paragraph "43" of the Consolidated Complaint.

## AS AND FOR AN ANSWER TO FACTS

44. Deny the truth of the allegations contained in Paragraph "44" of the Consolidated Complaint.

45. Deny the truth of the allegations contained in Paragraph "45" of the Consolidated Complaint.

46. Deny the truth of the allegations contained in Paragraph "46" of the Consolidated Complaint.

47. Deny the truth of the allegations contained in Paragraph "47" of the Consolidated Complaint.

48. Deny the truth of the allegations contained in Paragraph "48" of the Consolidated Complaint.

49. Deny the truth of the allegations contained in Paragraph "49" of the Consolidated Complaint.

50. Deny the truth of the allegations contained in Paragraph "50" of the Consolidated Complaint.

51. Deny the truth of the allegations contained in Paragraph "51" of the Consolidated Complaint.

52. Deny the truth of the allegations contained in Paragraph "52" of the Consolidated Complaint.

53. Deny the truth of the allegations contained in Paragraph "53" of the Consolidated Complaint.

54. Deny the truth of the allegations contained in Paragraph "54" of the Consolidated Complaint.

55. Deny the truth of the allegations contained in Paragraph "55" of the Consolidated Complaint.

56. Admit the allegations contained in Paragraph "56" of the Consolidated Complaint.

57. Admit the allegations contained in Paragraph "57" of the Consolidated Complaint.

58. Deny the truth of the allegations contained in Paragraph "58" of the Consolidated Complaint.

59. Deny the truth of the allegations contained in Paragraph "59" of the Consolidated Complaint.

## AS AND FOR AN ANSWER TO FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

60. Answering Paragraph "60" of the Consolidated Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

61. Deny the truth of the allegations contained in Paragraph "61" of the Consolidated Complaint.

62. Deny the truth of the allegations contained in Paragraph "62" of the Consolidated Complaint.

63. Deny the truth of the allegations contained in Paragraph "63" of the Consolidated Complaint.

64. Deny the truth of the allegations contained in Paragraph "64" of the Consolidated Complaint.

65. Deny the truth of the allegations contained in Paragraph "65" of the Consolidated Complaint.

66. Deny the truth of the allegations contained in Paragraph "66" of the Consolidated Complaint.

67. Deny the truth of the allegations contained in Paragraph "67" of the Consolidated Complaint.

68. Deny the truth of the allegations contained in Paragraph "68" of the Consolidated Complaint.

69. Deny the truth of the allegations contained in Paragraph "69" of the Consolidated Complaint.

70. Deny the truth of the allegations contained in Paragraph "70" of the Consolidated Complaint.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW

71. Answering Paragraph "71" of the Consolidated Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

72. Deny the truth of the allegations contained in Paragraph "72" of the Consolidated Complaint.

73. Deny the truth of the allegations contained in Paragraph "73" of the Consolidated Complaint.

74. Deny the truth of the allegations contained in Paragraph "74" of the Consolidated Complaint.

75. Deny the truth of the allegations contained in Paragraph "75" of the Consolidated Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

76. Plaintiffs fail to state a cause of action against the Defendants upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

77. Plaintiffs' constitutional and statutory rights have not been violated by the Defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

78. Plaintiffs' claims, in whole or in part, are barred by the applicable limitations period, contractual limitations period, and/or jurisdictional prerequisites.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

79. Some or all of the claims asserted in Plaintiffs' Complaint are barred by the equitable doctrines of laches, waiver, estoppel and/or unclean hands.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

80. The actions complained of were in full accord with the applicable law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

81. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' own actions.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

82. Defendants were not the "employer" of Plaintiffs.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

83. Plaintiffs cannot satisfy the requirements of a collective action under the Fair Labor Standards Act ("FLSA") and some or all of the claims asserted in the Complaint are barred because Plaintiffs are not similarly situated to the group of individuals they purport to represent, the existence of which is expressly denied, and/or the members of the group of individuals Plaintiffs purport to represent, the existence of which is expressly denied, are not similarly situated to each other.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

84. Plaintiffs are an inadequate purported representative of some or all of the alleged group of individuals whom they purport to represent.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

85. The types of claims alleged by Plaintiffs on behalf of themselves and the group of individuals which they purport to represent are matters in which individual questions predominate and, accordingly, are not appropriate for collective treatment.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

86. Some or all of the claims asserted in the Complaint are barred because a collective action is not superior to other available methods for the fair and efficient adjudication of this controversy.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

87. With respect to some or all claims brought by Plaintiffs, and/or members of the alleged group of individuals which they purport to represent, Defendants affirmatively plead that any acts and/or omissions which may be found to be in violation of the rights afforded by the FLSA and/or other applicable law occurred in good faith, were based on reasonable factors, and/or were in conformity with relevant laws and regulations.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

88. The Complaint fails to state a claim for which liquidated damages may be granted.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

89. Neither Plaintiffs, nor members of the alleged group that they purport to represent, may recover some or all of the relief requested in the Complaint because Defendants did not commit any oppressive, willful, wanton, fraudulent or malicious act or authorize or ratify any such act with respect to Plaintiffs or any alleged group member, at all times acted in good faith and with reasonable grounds for believing it had complied with the FLSA and New York Labor Law, and Plaintiffs have failed to plead facts sufficient to support recovery of such damages.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

90. Plaintiffs' claims are preempted by the Labor Management Relations Act ("LMRA").

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

91. The Complaint is barred, in whole or in part, because some or all of the time for which compensation is sought is *de minimus* and therefore is not compensable.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

92. Plaintiffs' claims are barred, in whole or in part, on the grounds that Plaintiffs have been paid and received all overtime compensation claimed in the Complaint.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

93. Plaintiffs' Complaint is barred, in whole or in part, because it requests relief which exceeds that available under the applicable law.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

94. Plaintiffs and the members of the group they purport to represent, the existence of which is expressly denied, may not recover liquidated damages and prejudgment interest because such relief would amount to a "double recovery."

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

95. Some or all of the claims in Plaintiffs' Complaint are barred by the doctrine of election of remedies.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

96. Plaintiffs lack standing to raise some or all of the claims of the alleged group of persons which they purport to represent.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

97. Defendants are not engaged in interstate commerce.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

98. Plaintiffs failed to mitigate their damages.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

99. Defendants have no knowledge of, nor should they have had knowledge of, any alleged uncompensated work by the Plaintiffs, and Defendants did not authorize, require, request, suffer, or permit such activity by the Plaintiffs as set forth in the Complaint.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

100. The Complaint, and each cause of action thereof, is barred – or the damages flowing therefrom reduced – because Plaintiffs failed to notify Defendants of the alleged statutory

violations at the time such violations occurred, which prevented Defendants from taking any action to remedy such alleged violations.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

101. Plaintiffs failed to exhaust administrative processes implemented by Defendants to prevent uncompensated work and to resolve any alleged claims regarding uncompensated work without resort to litigation.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

102. Plaintiffs were exempt employees pursuant to the FLSA exemptions.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

103. Plaintiffs were not "covered employees" within the meaning of the FLSA.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

104. Defendants are not covered entities/employers under the FLSA.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

105. Defendants are exempt from the applicable provisions of the New York Labor Law ("NYLL").

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

106. Defendants are exempt from the New York Labor Law ("NYLL") statutory provisions for frequency of payments, including NYLL § 191.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

107. Defendants are exempt from the New York Labor Law ("NYLL") regulations for overtime, including 12 N.Y.C.R.R. § 142-2.2.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

108. Defendants are exempt from the New York Labor Law statutory provisions for minimum wage, including §§ 650 *et seq.*.

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

109. Class action relief is precluded because plaintiff's Complaint contains a claim for liquidated damages.

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

110. Plaintiffs were paid timely, as when all of their hours and rates of pay per workweek are averaged, they were paid on average at or above the minimum wage rate per hour.

## AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

111. Plaintiffs were exempt employees pursuant to the New York Labor Law.

## AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

112. Plaintiffs were not "covered employees" within the meaning of the New York Labor Law.

## AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

113. Those Plaintiffs who were Nassau County employees "engaged in fire protection and law enforcement activities," are exempt from the maximum hours standards of the FLSA, 29 U.S.C. 207(a), pursuant to the FLSA, 29 U.S.C. § 207(k) and 29 C.F.R. § 553.230, and include, but are not limited to, employees in the following Nassau County Departments and job titles: Police Department: Police Officer, Police Sergeant, Police Lieutenant, Police Captain, Deputy Inspector, Inspector, Deputy Chief, Assistant Chief, Chief; Corrections Center: Correction Officer, Correction Corporal, Correction Sergeant, Correction Lieutenant, Correction Captain; Sheriff's Department: Sheriff, Deputy Sheriff, Undersheriff, Deputy Undersheriff, Deputy Sheriff-Sergeant, Deputy Sheriff-Lieutenant, Deputy Sheriff-Captain; Probation Department: Probation Officer Trainee, Probation Officer I, Probation Officer II, Probation Supervisor I, Probation Supervisor II, Assistant Probation Director IV, Deputy Probation Director IV, Deputy Director of Probation, Director of Probation; Fire Marshal's Office: Fire Marshal Trainee, Fire Marshal I, Fire Marshal

II, Fire Marshal III, Assistant Chief Fire Marshal, Chief Fire Marshal; District Attorney's Investigators: Chief Investigator, Financial Investigator I, Financial Investigator II, Financial Investigator III, Special Financial Investigator, Special Investigator I, Special Investigator II, Special Investigator III and Investigative Coordinator.

**WHEREFORE**, Defendants respectfully request judgment dismissing the Consolidated Complaint in its entirety, together with the costs and disbursements of this action, and for such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
November 3, 2021

Respectfully submitted,

BEE READY FISHBEIN HATTER & DONOVAN, LLP

By: _____

Deanna D. Panico, Esq.
*Attorneys for Defendants*
170 Old Country Road
Mineola, New York 11501
Telephone No.: (516) 746-5599
Fax No.: (516) 746-1045

TO: LAW OFFICES OF LOUIS D. STOBER, JR., LLC
Attorneys for Arciello Plaintiffs
98 Front Street
Mineola, NY 11501
Telephone No.: (516) 742-6546
Attn: Louis D. Stober, Jr., Esq.

VIRGINIA & AMBINDER, LLP
*Attorneys for Burns Plaintiffs*
40 Broad Street, 7th Floor
New York, NY 10004
Telephone No.: (212) 943-9080
Attn: James Emmet Murphy, Esq.