PETER A. BEE*
RICHARD P. READY
PETER M. FISHBEIN
JAMES R. HATTER
THOMAS J. DONOVAN †
KENNETH A. GRAY
DONALD J. FARINACCI
WILLIAM C. DeWITT

OF COUNSEL

EDWARD P. RA
ROBERT G. LIPP †
ROBERT R. McMILLAN  (Retired)

\*   ALSO ADMITTED IN FL
\*\* ALSO ADMITTED IN NJ
†   DECEASED

BEE READY FISHBEIN HATTER & DONOVAN, LLP

# B R F H & D
A T T O R N E Y S-A T-L A W

SENIOR ASSOCIATES

\*\*STEPHEN L. MARTIR
\*\*ANDREW K. PRESTON
DEANNA D. PANICO

ASSOCIATES

† BRIAN A. SUPER
PETER OLIVERI, JR.
RHODA Y. ANDORS
THEODORE GORALSKI
MORGAN A. CLINE
JASON P. BERTUNA

December 14, 2021

Honorable Steven I. Locke
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 820
Central Islip, New York 11722

          Re: *Arciello, et al. v. County of Nassau*,
          E.D.N.Y. Docket No.: 16-cv-03974 (JMA)(SIL)

Dear Judge Locke,

      This law firm represents the Defendant, Nassau County ("the County"), in the above-referenced action. We are writing to respectfully request a pre-motion conference for the County's proposed motion to bifurcate this action into a liability phase and a damages phase, in order to proceed more efficiently, avoid needless discovery and reduce the undue burden and exorbitant expense of document production for all parties in such a large collective action.

## The Action and the Chief Legal Issue

      To briefly summarize this action, the Named Plaintiffs brought *Arciello* on behalf of approximately 3,000 County employees, in 29 different County Departments, pursuant to 29 U.S.C. § 201, *et seq.*, the Fair Labor Standards Act ("the FLSA"), alleging that although the County paid the Plaintiffs' overtime wages, payment for overtime was untimely. The County denies the Plaintiffs' allegations. The chief legal issue for this Court is the permissible length of time between the dates the Plaintiffs worked overtime and the dates the Plaintiffs were paid their overtime wages, pursuant to the FLSA.

## Discovery Status and an Option for Efficient Discovery

      The parties agreed previously to a proposal to use a representative sample of Plaintiffs in discovery to reduce the huge number of documents demanded by the Plaintiffs (more than 1,000,000 by our estimate),[1] although the parties disagreed on the percent of Plaintiffs to be sampled. [DE] 296, 297. At the court conference on August 16, 2021, Your Honor directed the parties to file motions with statistician affidavits supporting each side's position on the appropriate

---

[1] For example, one of the *Arciello* Plaintiffs' document demands is*:* "provide all documents demonstrating when each instance of overtime was paid versus when it was earned for each Plaintiff...for the relevant period.*"* A response could entail 3,000 Plaintiffs x a minimum of 1 document per Plaintiff x 52 weeks x 8 years = 1,248,000 documents for this one demand.

*Page 2*

level of sampling. [DE] 299. Subsequently, in the spirit of cooperation and to avoid motion practice that might not be necessary, we looked into another option for discovery and determined that the County Comptroller's Office could devise a method to produce *electronic data*, in spreadsheet form, *for all the Plaintiffs*, with the dates and the number of overtime hours worked, and the length of time to payment, over the eight-year relevant time period, which would produce more reliable evidence than a sample and would be more efficient than seeking paper document production from all 29 Departments for all of the Plaintiffs.

We then contacted the *Arciello* Plaintiff's counsel to propose a streamlined approach to discovery: 1) first producing the Comptroller's electronic data, with the dates and amounts of overtime worked and the length of time to payment, for all of the Plaintiffs, over the relevant time period, rather than a sample, and 2) bifurcating the action into a liability phase and a damages phase, so that after this Court decides the legal threshold for the permissible number of weeks for the County's payment of overtime under the FLSA (and the County's alleged liability, if any), the parties would then proceed to discovery on the alleged damages (if any) for a reduced number of Plaintiffs, and the complex damages issue of contract overtime vs. FLSA overtime. The *Arciello* Plaintiffs' counsel agreed to our first proposal and we agreed to produce the electronic data within 30 days, and in fact did so, on October 29, 2021, with the understanding that the Plaintiffs could perform limited checks on the data and the County's process for developing the data. The *Arciello* Plaintiffs' counsel also agreed that the deadline for the County to respond to the supplemental document demands would be extended until after he reviewed the Comptroller's data.

The *Arciello* Plaintiffs' counsel did not agree to our second proposal on bifurcation. After reaching out to the *Burns* Plaintiffs' counsel on bifurcation, we have had no response.

## Bifurcation

"Federal Rule of Civil Procedure 42(b) provides, in relevant part, "[f]or convenience...or to expedite and economize, the court may order a separate trial of one or more separate issues..." In *Busch v. City of New York,* the court held:

> The Court has broad discretion to order bifurcation to promote convenience, avoid prejudice to Defendants, or to promote efficiency. However, these factors do not represent a rigid test for determining whether separate trials are necessary; to the contrary, the court could order bifurcation upon a showing of merely one of these factors. Therefore, bifurcation may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue.
> No. 00 CV 5211, 2002 WL 31051589, at *2 (E.D.N.Y. Sept. 9, 2002).

In this action, the issues of liability and damages are distinct, and determinable under different legal standards. Moreover, whereas the liability analysis is relatively straightforward and can be based on the Comptroller's data already produced, the damages analysis requires a more labor intensive, time consuming, individualized approach, based on different types of paper records, and a complex evaluation of contract overtime vs. FLSA overtime. Bifurcation would reduce the number of documents to be produced and the burden of time and labor needed for the

*Page 3*

complex evaluation of damages with respect to contract overtime vs. FLSA overtime, benefitting both parties, by expediting this action and economizing costs.

  To explain, if this Court were to first determine, in phase one, the threshold number of weeks for the County's alleged liability, if any, under the FLSA, it would then be easily determinable, based on the Comptroller's data, that a certain number of Plaintiffs were paid timely. Accordingly, the need to produce and analyze paper documents on the alleged damages, if any, in phase two, for those Plaintiffs timely paid, will be obviated. As a result of having fewer Plaintiffs and fewer documents to produce in the damages phase, discovery will be expedited, more efficient and less costly for the County and the Plaintiffs. *See In re Nassau Cty. Strip Search Cases,* 461 F.3d 219, 231 (2d Cir. 2006)(a district court "should bear in mind that there are a number of management tools available to a district court to address any individualized damages issues, such as bifurcation"); *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 316 (2d Cir. 1999)("bifurcation may be appropriate where...the litigation of the first issue might eliminate the need to litigate the second issue"); *Guidi v. Inter-Cont'l Hotels Corp.,* No. 95 CV 9006, 2003 WL 1846864, at *1–3 (S.D.N.Y. Apr. 8, 2003)(totality of circumstances warranted bifurcation of the trial into a liability phase and a damages phase; the potential time-saving effect of bifurcation was not insignificant where the issues to be bifurcated were distinct and a verdict for the plaintiff on the issue of liability would obviate any presentation of damages); *Reading Indus., Inc. v. Kennecott Copper Corp.*, 61 F.R.D. 662, 664–65 (S.D.N.Y. 1974)(bifurcation was the wiser course where there were, in part, different issues, different time periods, different types of evidence and different legal standards for two types of claims); *Roach v. T.L. Cannon Corp.,* No. 310 CV 0591, 2017 WL 11529679, at *8 (N.D.N.Y. Sept. 27, 2017)(in an FLSA case with overtime claims, the court was concerned that the liability question for the class might pale in comparison to the damage calculations for individual class members, so the court bifurcated the matter into liability and damages phases in order to properly manage the trial in the case).

  Whereas the Plaintiffs' present discovery demands reflect their strong interest in knowing the total monetary value of the alleged damages, if any, now, this is somewhat backwards, as the amount of the alleged damages, if any, cannot be known until the alleged liability, if any, is determined by this Court.

  Therefore, for all the foregoing reasons, the County respectfully requests a pre-motion conference on its proposed motion for bifurcation.

Sincerely,

*Rhoda Y. Andors*
Rhoda Y. Andors, Esq.
randors@beereadylaw.com

*By ECF*